IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and<br>DONALD KRAKAT,<br>5571 Linton Road<br>Eldersburg, MD 21784 | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No: _____ |
| | ) |
| BROOKS RANGE CONTRACT SERVICES, INC.,<br>1603 College Road, Suite 2A<br>Fairbanks, Alaska 99709 | )<br>)<br>)<br>) |
| | ) |
| Defendant. | ) |

**BROOKS RANGE CONTRACT SERVICES, INC.'S
NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant, Brooks Range Contract Services, Inc. ("BRCS"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of Civil Action to remove this action from the Superior Court of the District of Columbia to this Court on the following grounds:

1.     Upon information and belief, Plaintiffs Robert and Donald Krakat are residents of the State of Maryland.

2.     Defendant BRCS is an Alaska Corporation with its principal place of business located at 1603 College Road, Suite 2A, Fairbanks, Alaska 99709.

3.     On or about January 26, 2007, Plaintiffs Robert Krakat and Donald Krakat, filed a Complaint against BRCS alleging wrongful termination and defamation, slander, and libel.

4.     BRCS was served on March 27, 2007 with the Complaint. Accordingly, this Notice of Removal is filed within thirty days of service of the Complaint. 28 U.S.C. § 1446(b).

5.     In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint, and copies of all process, pleadings and orders served on BRCS and filed with the Superior Court in Case No. 2007 CA 000725, are attached to this Notice as Exhibit "A."

6.      The Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1332(a)(1) in that the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between the parties.

7.      Removal of this action is proper pursuant to 28 U.S.C. § 1441(a) in that this is a civil action brought in a state court within this district over which this Court has original jurisdiction.  Removal of this action comports with 28 U.S.C. § 1441(b) in that the parties are not citizens of the District of Columbia.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), as a substantial part of the alleged events giving rise to Plaintiffs' claims occurred in the District of Columbia.

WHEREFORE, Defendant Brooks Range Contract Services, Inc., by counsel, hereby gives notice pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446 of the removal of this action from the Superior Court for the District of Columbia.

**BROOKS RANGE CONTRACT SERVICES, INC.**

By: _Karen A. Doner_/ KQ Holmes
                              Counsel /by (Bar #448313)

Karen A. Doner (Bar #458626)
Williams Mullen, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102
703-760-5200 (phone)
703-748-0244 (fax)

## CERTIFICATE OF SERVICE

I hereby acknowledge that on this <u>16th</u> day of April, 2007, a copy of the foregoing Brooks Range Contract Services, Inc.'s Notice of Removal was mailed, first-class, postage prepaid to:

> Timothy P. Leahy
> 14300 Gallant Fox Lane, Suite 120
> Bowie, Maryland 20715
> *Counsel for Plaintiffs*

_____ for Karen Doner
Karen A. Doner

MAR-29-2007 11:14AM HP LASERJET

MAR-27-2007-TUE 10:11 AM        FAX No. 301 805 5178        P. 003

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM170
Washington, D.C. 20001 Telephone: 879-1133

Robert Krakat and Donald Krakat

_____
Plaintiff

0000725-07

vs.

Brooks Range Contract Services, Inc.

Civil Action No. _____

_____
Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Clerk of the Court

Timothy P. Leahy, Esq.
Name of Plaintiff's Attorney

14300 Gallant Fox Lane, Suite 120
Address

Bowie, Maryland 20715

(301) 464-7448
Telephone

By _____
Deputy Clerk

Date January 25, 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM



EXHIBIT
A

09/27/2007 TUE 08:28 [TX/RX NO 7122] @003

29 2007 11:15AM  HP LASERJET FAX

MAR-27-2007-TUE 10:11 AM                    FAX No. 301 805 5178                    P. 004

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME
STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE
COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED
AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR
PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY
THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER
WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact
one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help
or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may
ask for such help.

Mar 29 2007 11:14AM  HP LASERJET FAX 
MAR-27-2007-TUE 10:11 AM                    FAX No. 301 805 5176              P. 002



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ROBERT KRAKAT,

Vs.                                            C.A. No.       2007 CA 000725 B

BROOKS RANGE CONTRACT SERVICES, INC.

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby ORDERED as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients prior to the conference whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this Conference.

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference once, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge THOMAS J MOTLEY
Date:   January 30, 2007
Initial Conference: 9:30 am, Friday, April 27, 2007
Location:  Courtroom 112
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001

Caio.doc

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

ROBERT KRAKAT                                                    **0000725-07**
And
DONALD KRAKAT                          CASE NO: _____
5571 Linton Road
Eldersburg, MD 21784                   CALENDER: _____

    Plaintiffs                          JUDGE: _____

v.

BROOKS RANGE CONTRACT
SERVICES, INC.                          ┌─────────────────────┐
Serve on: Resident Agent                │     RECEIVED        │
Thomas C. Steinmetz                     │  Civil Clerk's Office│
3700 N. Capitol Street, N.W.,           │    JAN 2 6 2007     │
Washington, DC 20317                    │  Superior Court of the│
                                        │  District of Columbia│
    Defendant                     │    Washington, D.C. │
                                        └─────────────────────┘

## COMPLAINT

    COMES NOW the Plaintiffs, Robert and Donald Krakat (collectively the "Krakats"), by and through their attorneys, Timothy P. Leahy and Byrd and Byrd, LLC and files this complaint against Defendant Brooks Range Contract Services, Inc. ("BRCS") and states:

## FACTS COMMON TO ALL COUNTS

1.     Plaintiffs Robert and Donald Krakat were employed by the Defendant to work at the Armed Forces' Retirement Home ("Home") in Washington, D.C.

2.     Defendant BRCS, which is principally located at 1503 College Road, Suite 2A Fairbanks, Alaska, 99709, regularly conducted business in the District of Columbia including contracting with the Federal government to maintain the Home located at 3700 N. Capitol Street, N.W., Washington, D.C. 20317.

1

03/30/07  FRI 10:36 FAX 972 77* 1699    MBDT DALLAS    @ 000
03728720007115:27 FAX  414 277 0858    MBF MILWAUKEE    @ 007/014
MAR-27-2007-TUE 10:12 AM    FAX No. 301 805 5178    P. 006

3. In 1973, Robert Krakat began working at the Home pursuant to a contract of his then employer to maintain the Home.

4. In 2005 Defendant BRCS was awarded the contract to maintain the Home and hired Robert Krakat, who at that time was employed for the previous contractor at the Home, to continue providing maintenance at the Home as the employee of Defendant BRCS.

5. In 2005 Donald Krakat was hired by Defendant BRCS and began working at the Home.

6. Kevin Heffern ("Heffern") was the Project Manager for BRCS at the Home and the Supervisor of both of the Krakats.

7. In 2005 the Krakats became aware of alleged problems with the work and invoicing of Heffern based on their personal knowledge and when Katie Parver, an employee of BRCS and assistant to Heffern, came to the Krakats concerned that she could be fired or criminally charged for processing fraudulent invoices prepared by Heffern that she understood to be false.

8. On information and belief Heffern allegedly charged the government over $500 ea. for air conditioning units which cost BRCS $200.00 when BRCS was allowed a 12% markup – to $224.00

9. On information and belief Heffern allegedly charged the government for work that BRCS was not doing in connection with the 2005 Christmas Party.

10. On information and belief Heffern allegedly overcharged the government for cleaning up cement.

11. On information and belief Heffern allegedly allowed Virginia Contracting Services ("VCS"), which he owns, to charge Defendant BRCS for work that Donald Krakat and other BRCS employees performed during normal business hours, for which the Home

2

was not to be charged, including clean-up of the LaGarde Kitchen, Pipes building

roofing and canopy repair, sewage clean up in the Pipes Building, other plumbing work,

and painting approximately 10 rooms at the Home which VCS did not paint.

12.   On information and belief Heffern allegedly threw out low bids for tree service, related

to the a 2005 summer storm, in order to hire A.R. Bryant, a company owned by a friend

of Heffern.

13.   On information and belief, Byron Clare, former Assistant Project Manager to Heffern

was fired from BRCS for his knowledge of and reporting to BRCS the alleged problems

with the work and invoicing of Heffern. Heffern subsequently attempted to hire his

girlfriend, Donna Sutherland, who was also an employee of Heffern at VCS, as his

Assistant Project Manager at the Home.

14.   On or about the end of November, beginning of December 2005, Robert Krakat spoke

to officials of the Home and to Thomas Starr, Assistant Facilities Director for BRCS,

that there were alleged problems with the work and invoicing of Heffern.

15.   On information and belief, after Robert Krakat reported the alleged problems with the

work and invoicing of Defendant Heffern, to Thomas Starr, BRCS fired Thomas Starr.

16.   On February 17, 2006 Robert Krakat spoke to Donna Smith, Jerry Wessell, and David

Rouse, Contracting Officer Representative for the Home, and gave Rouse

documentation on the alleged problems with the work and invoicing of Heffern.

17.   Four days later, on February 21, 2006 the Krakats were suspended by BRCS pending an

investigation into theft alleged by Heffern and BRCS.

18.   On February 23, 2006 the Krakats were fired by BRCS, on grounds of theft, as

indicated by Heffern and Howard Anastasi, another employee of BRCS. Heffern and

3

BRCS did not indicate what had allegedly been stolen but Howard Anastasi suggested

to the Krakats that the Home had made the accusations.

19.    Heffen and BRCS' February 23, 2005 allegations that the termination was for theft

alleged by the Home was witnessed by Katie Farver who attended the meeting at which

the Krakats were fired.

20.    On information and belief, Katie Farver was subsequently fired after informing Howard

Anastasi that the accusations of theft by the Krakats were incorrect and also confirming

the alleged problems with the work and invoicing of Heffen.

21.    On information and belief and subsequent to February 23, 2006 BRCS withdrew its

allegations of theft against the Krakats and alleged that the reason for their termination

was, respectively, poor performance by Robert Krakat and poor performance &

excessive absenteeism by Donald Krakat.

22.    On information and belief, Robert Krakat was never counseled for "poor performance."

Defendant BRCS has standard forms on which it records counseling, and Robert

Krakat's employment file does not contain any standard forms documenting counseling.

23.    On information and belief, Donald Krakat was never counseled for "poor performance"

or "excessive absences" and most of Donald Krakat's absences were excused.

Defendant BRCS has standard forms on which it records counseling, and Robert

Krakat's employment file does not contain any standard forms documenting counseling.

24.    On information and belief, Heffen was temporarily demoted to Assistant Project

Manager for his actions alleged above. He has since been returned to his position as

Project Manager.

4

25. On information and belief, Heffern was not terminated from his employment with BRCS as he maximized revenue for BRCS from its contract with the Home.

26. On information and belief, the Plaintiffs, as well as Byron Clare, Thomas Starr, and Katie Farver were fired from Defendant BRCS as they were aware of the allegations against Heffern and threatened BRCS' ability to continue maximizing revenue from the Home, regardless of whether that revenue was a fraud on the Home, the United States Government, and the U.S. taxpayer.

27. BRCS' action to fire individuals, including the Krakats, that knew of Heffern's fraudulent invoicing and business practices was motivated by BRCS' attempt to cover up the practices that resulted in substantial monetary gain by BRCS.

28. In firing, or participating in the firing of the Krakats, Heffern and Howard Anastasia were acting within the scope of their employment with BRCS.

29. As a result of having been fired by BRCS, Robert and Donald Krakat have suffered injuries including lost wages, pain, humiliation, and emotional distress.

## COUNT I
### Wrongful Termination — Robert Krakat

30. Plaintiff incorporates herein by reference paragraphs 1 through 29

31. Defendant BRCS terminated the Plaintiff Robert Krakat's employment in retaliation for Plaintiff Robert Krakat's refusal to knowingly participate in the alleged fraudulent activity undertaken by the Defendant.

32. Participation in the alleged fraudulent activity would have caused Plaintiff Robert Krakat to transgress statutes in violation of public policy.

5

MAR-27-2007-TUE 10:12 AM                    FAX No. 301 805 5178              P. 010

33. Defendant BRCS also terminated the Plaintiff Robert Krakat's employment in
retaliation for Robert Krakat reporting the alleged fraudulent activity to the Home
which is a violation of public policy as well as Federal and District statutes protecting
whistleblowers.

34. In wrongfully terminating the Robert Krakat, Defendant acted tortiously and with fraud,
ill will, recklessness, wantonness, oppressiveness, willful disregard of the Plaintiff's
rights, and under circumstances that aggravated Plaintiff's injuries.

WHEREFORE, Plaintiff Robert Krakat respectfully request this Honorable Court to
enter and order of judgment against Defendant BRCS in favor of Plaintiff Robert Krakat in the
amount of $200,000.00, plus attorney's fees, costs, expenses, and punitive damages.

## COUNT II
### Defamation, Slander and Libel — Robert Krakat

35. Plaintiffs incorporate herein by reference paragraphs 1 through 34.

36. In accusing the Krakats of theft, poor performance, and excessive absenteeism, and in
publishing those accusations to employees of BRCS and the Home, Defendant
published false and misleading statements tending to expose Robert Krakat to public
scorn, hatred, contempt, and/or ridicule.

37. The accusations of theft, poor performance, and excessive absenteeism, are provably
false and reasonably recognized as defamatory by third parties including personnel of
the Home and BCRS to whom Defendant made the defamatory statements.

38. In making the accusations of theft, poor performance, and excessive absenteeism, and in
publishing those accusations, Defendant acted with a negligent disregard for what it
knew or should have known was the truth or acted with actual malice.

6

39. On information and belief, Defendant reduced its false accusations to writing and published those accusations to individuals who worked for both the Home and for BRCS.

40. In slandering and libeling Robert Krakat, Defendant acted tortiously and with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the Robert Krakat's rights, and under circumstances that aggravated Robert Krakat's injuries.

WHEREFORE, Plaintiff Robert Krakat respectfully request this Honorable Court to enter and order of judgment against Defendant BRCS in favor of Plaintiff Robert Krakat in the amount of $200,000.00, plus attorney's fees, costs, expenses, and punitive damages.

## COUNT III
### Wrongful Termination – Donald Krakat

41. Plaintiffs incorporate herein by reference paragraphs 1 through 40.

42. Defendant BRCS terminated the Plaintiff Donald Krakat's employment in retaliation for Plaintiff Donald Krakat's refusal to knowingly participate in the alleged fraudulent activity undertaken by Heffen and the Defendant.

43. Participation in the alleged fraudulent activity would have caused Plaintiff Donald Krakat to transgress statutes in violation of public policy.

44. Defendant BRCS also terminated the Plaintiff Donald Krakat's employment in retaliation for Donald Krakat reporting the alleged fraudulent activity to the Home which is a violation of public policy as well as Federal and District statutes protecting whistleblowers.

45. In wrongfully terminating Donald Krakat, Defendant acted tortiously and with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of Donald Krakat's rights, and under circumstances that aggravated Plaintiff's injuries.

7

WHEREFORE, Plaintiff Donald Krakat respectfully request this Honorable Court to enter and order of judgment against Defendant BRCS in favor of Plaintiff Donald Krakat in the amount of $200,000.00, plus attorney's fees, costs, expenses, and punitive damages.

## COUNT IV
### Defamation, Slander and Libel – Donald Krakat

46.  Plaintiff incorporate herein by reference paragraphs 1 through 45.

47.  In accusing Donald Krakat of theft, poor performance, and excessive absenteeism, and in publishing those accusations, Defendant published false and misleading statements tending to expose the Donald Krakat to public scorn, hatred, contempt, and/or ridicule.

48.  The accusations of theft, poor performance, and excessive absenteeism, are provably false and reasonably recognized as defamatory by third parties including personnel of the Home and BCRS to whom Defendant made the defamatory statements.

49.  In making the accusations of theft, poor performance, and excessive absenteeism, and in publishing those accusations, Defendant acted with a negligent disregard for what it knew or should have known was the truth or acted with actual malice.

50.  On information and belief, Defendant reduced its false accusations to writing and published those accusations to individuals who worked for both the Home and for BRCS.

51.  In slandering and libeling the Donald Krakat, Defendant acted tortiously and with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of Donald Krakat's rights, and under circumstances that aggravated Donald Krakat's injuries.

WHEREFORE, Plaintiff Donald Krakat respectfully request this Honorable Court to enter and order of judgment against Defendant BRCS in favor of Plaintiff Donald Krakat in the amount of $200,000.00, plus attorney's fees, costs, expenses, and punitive damages.

8

Respectfully Submitted,

BYRD & BYRD, LLC

Timothy P. Leahy
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
(301) 464-7448
(301) 805-5178 Fax
tleahy@byrdandbyrd.com

9

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

RECEIVED
US DISTRICT COURT

**I (a) PLAINTIFFS**

Robert Krakat and Donald Krakat

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    88888
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Brooks Range Contract Services, Inc

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Timothy P. Leahy
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
(301) 464-7448

Case: 1:07-cv-00693
Assigned To : Lamberth, Royce C.
Assign. Date : 4/16/2007
Description: KRAKAT v. BROOKS RANGE CONTRACT

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ⊙ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

- ○ **A. Antitrust**
  - ☐ 410 Antitrust

- ○ **B. Personal Injury/ Malpractice**
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ○ **C. Administrative Agency Review**
  - ☐ 151 Medicare Act

  **Social Security:**
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)

  **Other Statutes**
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ○ **D. Temporary Restraining Order/Preliminary Injunction**

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

- ⊙ **E. General Civil (Other)**    **OR**    ○ **F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/* *2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530** Habeas Corpus-General <br> ☐ **510** Motion/Vacate Sentence | ☒ **442** Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ **895** Freedom of Information Act <br> ☐ **890** Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ **152** Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710** Fair Labor Standards Act <br> ☐ **720** Labor/Mgmt. Relations <br> ☐ **730** Labor/Mgmt. Reporting & Disclosure Act <br> ☐ **740** Labor Railway Act <br> ☐ **790** Other Labor Litigation <br> ☐ **791** Empl. Ret. Inc. Security Act | ☐ **441** Voting (if not Voting Rights Act) <br> ☐ **443** Housing/Accommodations <br> ☐ **444** Welfare <br> ☐ **440** Other Civil Rights <br> ☐ **445** American w/Disabilities-Employment <br> ☐ **446** Americans w/Disabilities-Other | ☐ **110** Insurance <br> ☐ **120** Marine <br> ☐ **130** Miller Act <br> ☐ **140** Negotiable Instrument <br> ☐ **150** Recovery of Overpayment & Enforcement of Judgment <br> ☐ **153** Recovery of Overpayment of Veteran's Benefits <br> ☐ **160** Stockholder's Suits <br> ☐ **190** Other Contracts <br> ☐ **195** Contract Product Liability <br> ☐ **196** Franchise | ☐ **441** Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ● 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1441 - Removal of State Court Action of Wrongful Termination

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | **DEMAND $** 400,000 <br> **JURY DEMAND:** | Check YES only if demanded in complaint <br> YES ☐   NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

**DATE** 4/16/07   **SIGNATURE OF ATTORNEY OF RECORD** *Brian A. Ohmrtjoges*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.