IN THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT, ET. AL. | |
|     Plaintiffs | CASE NO:  1:07-cv-00693-RCL |
| v. | |
| BROOKS RANGE CONTRACT SERVICES, INC. | |
|     Defendant | |

## REPLY IN OPPOSITION TO MOTION TO DISMISS

**COMES NOW** Timothy P. Leahy, attorney for Plaintiffs Robert and Donald Krakat (collectively the "Krakats"), and files this Response in Opposition to the Motion to Dismiss ("Motion") filed by the Defendant Brooks Range Contract Services, Inc. ("BRCS"):

**I.   Introduction**

Defendants Motion primarily seeks dismissal on two grounds: Plaintiffs allegedly were required to cite which statutes that they were requested to violate to maintain a wrongful termination claim in an at-will jurisdiction; Plaintiff's allegedly were required to plead more specific facts which formed the basis of the defamation claim.

The facts being construed in the light most favorable to the Plaintiffs, the Plaintiffs were objectively dismissed for being whistleblowers, and refusing to participate in Defendant's allegedly fraudulent billings to the government. Public policy dictates that individuals not be fired for refusing to participate in illegal acts. For the reasons discussed below, Defendant's Motion should be denied.

**II.      Legal Reasoning**

**A.      Plaintiff properly pleaded their claim for wrongful termination in violation of public policy.**

Counts I and III of Plaintiff's Complaint for Wrongful Termination adequately pled facts supporting a conclusion that they were fired in violation of public policy. Defendant cites *Adams v. Cochran & Co.*, 597 A.2d. 28, 20 (D.C. cir. 1991) for the proposition that Plaintiff must plead facts that "there must be an 'outright refusal to violate a specific law'" in order to qualify for the public policy exception to the at-will employment doctrine. Defendant construes *Adams* too narrowly. The *Adams* Court, at 34, was "persuaded that the Texas rule strikes the best balance" being that an at-will employee may sue for "wrongful discharge only if the firing was for the sole reason that the employee refused to perform an illegal act." *Adams*, at 33.

In this case Plaintiff has pled facts that the Krakats refused to perform multiple illegal acts of participating in fraud and over-billing amounting to the theft of government funds from the Armed Forces Retirement Home. See for instance, Complaint, ¶¶ 8 – 12.

Defendant next asserts that a concurrent opinion of the Court in *Carl v. Children's Hospital*, 702 A.2d. 159 (D.C. 1997) required that the violation of a specific statute must be pled. First that would be a constriction of the adopted Texas Rule that simply requires a refusal "to perform an *illegal act*. [Emphasis Added]." *Adams*, at 33. Second, a concurrent opinion does not create binding authority. As this court stated in the analogous case of *Macintosh v. Building Owners and Managers Association International*, 355 F. Supp.2d 223, 229 (D.D.C 2005), "plaintiff does not need to cite the statute or regulation that he believes embodies a clear mandate of public policy in his complaint . . ."

In the *Macintosh* case plaintiff alleged that "he was instructed to inflate expenses under a government contract, which is clearly against the law, . ." such that "the Court denies Defendant BOMA's Motion to Dismiss count III" for Wrongful Termination. *Id.*, at 229.

In this case, the Plaintiff's have alleged that they refused to participate in inflating the expenses and cost of work performed under a government contract with the Armed Forces Retirement Home. As in *Macintosh*, this is clearly illegal. Although Plaintiff did not cite the District of Columbia Code for prohibitions against fraud and theft, this Court may take judicial notice that fraud and theft are illegal in the District of Columbia. See D.C. Code §§ 22-3201 et. seq. for both fraud and theft. This Court should similarly deny Defendant's Motion to Dismiss.

Defendant finally asserts that under *Adams* the Plaintiff's must have been "expressly directed to violate the law "or" expressly refused to perform an illegal act." Defendant continues by asserting that the "the Complaint is devoid of any factual allegations that could support any inference that Plaintiffs were part of the improper billing or other acts." Motion, at p. 7.

However, the Complaint alleges facts that lead to a permissible inference that Plaintiffs were involved in the maintenance, at ¶¶ 4 and 5, participated in work which was being improperly billed, ¶ 11, and were aware that their work was being improperly billed, ¶¶ 7, 14 – 16. At a minimum, continuing to participate in work which they believed was being billed fraudulently would have exposed the Krakats to conspiracy charges. See for instance D.C. Code § 22-1805a.

Preventing individuals from having to make a choice to commit criminal acts or risk losing their jobs is exactly the kind of choice or public policy does not want individuals to have to make. See e.g. *Macintosh*, supra. The Motion should be denied.

A. **Plaintiff properly pleaded their claim for wrongful termination in violation of public policy.**

Counts II and IV of Plaintiff's Complaint for Defamation adequately plead sufficient facts supporting a defamation claim. Defendant cites *Wiggins v. Philip Morris, Inc.*, 853 F.Supp. 458, 465 (D.D.C. 1994) for the proposition that "plaintiff should plead the time, place, content, speaker, and listener of the alleged defamatory matter." See Motion, at p. 9.

The Complaint, at ¶ 17, alleges that on February 21, 2006, Kevin Heffern, Plaintiff's supervisor, suspended the Krakats for alleged "theft" published to other individuals as detailed in ¶ 20. The allegation was theft and there are no additional details to provide as that generalization is what was alleged by Heffern who did not provide the Krakats an explanation. The Krakats continued pressing for an explanation, and despite those requests, Defendant would only indicate that there had been allegations of "theft." The Complaint, ¶ 18, alleges that on February 23, 2006, the general accusation of theft was repeated by Heffern and Howard Anastasia, Defendant's Director of Human resources, who also alleged that the accusations of "theft" had come from the Armed Forces Retirement Home. The Complaint, ¶ 20, alleges that on February 23, 2006, the general accusation of theft were witnessed by Katie Farver, another of Defendant's employees, who attended the meeting at which the Krakats were fired.

While it is true that the Complaint does not specifically plead the place and time of the defamatory statements, it is a fair inference that the statements were made at the Armed Forces Retirement Home where the meetings of the employees, the Krakats, Heffern,

4

Farver, and Anastasia, of the Defendant were held. The content, speakers, and listeners have been expressly pled and the Complaint contains sufficient factual allegations to fairly put Defendant on notice of the defamatory statements.

The Motion should be denied.

Respectfully Submitted,

BYRD & BYRD, LLC

/s/
_____
Timothy P. Leahy, Bar No. 15084
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
(301) 464-7448
(301) 805-5178 Fax
tleahy@byrdandbyrd.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 7, 2007, a copy of the foregoing Reply was mailed first class, postage pre-paid to:

Karen A. Doner, Esq.
Williams Mullen, P.C.
8720 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200
(703) 748-0244
Attorneys for Defendant Brooks Range Contract Services, Inc.

/s/
_____
Timothy P. Leahy

5

**IN THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT KRAKAT, ET. AL.** * | |
| * | **CASE NO:   1:07-cv-00693-RCL** |
| **Plaintiffs** * | |
| * | |
| v. * | |
| * | |
| **BROOKS RANGE CONTRACT** * | |
| **SERVICES, INC.** * | |
| * | |
| **Defendant** * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

In consideration of the Plaintiff's Reply in opposition to the Defendant's Motion to Dismiss, Defendant's Motion to Dismiss is **DENIED.**

_____    _____
Date         Honorable Judge of the U.S. District Court for the District of Maryland

6