IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and<br>DONALD KRAKAT,<br><br>       Plaintiffs,<br><br>v.<br><br>BROOKS RANGE CONTRACT SERVICES, INC.,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 1:07-cv-00693-RCL<br>)<br>)<br>)<br>) |

**DEFENDANT BROOKS RANGE CONTRACT SERVICES, INC.'S
REPLY MEMORANDUM IN RESPONSE TO
PLAINTIFFS' REPLY IN OPPOSITION TO MOTION TO DISMISS**

Defendant Brooks Range Contract Services, Inc. ("BRCS"), pursuant to Local Civil Rule 7(d), submits this Reply Memorandum in response to Plaintiffs' Reply in Opposition to Motion to Dismiss filed by Plaintiffs Robert Krakat and Donald Krakat (collectively, "Plaintiffs"), and states as follows:

**ARGUMENT**

**I.     PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

D.C. law "presumptively bars wrongful termination claims brought by at-will employees." Holman v. Williams, 436 F. Supp. 2d 68, 76 (D.C. 2006). However, as noted in BRCS's Memorandum in Support of its Motion to Dismiss, the District of Columbia courts have recognized a narrow public policy exception to this general rule when the plaintiff demonstrates that "the sole reason for [the employee's] discharge is the employee's refusal to violate [a] law, as expressed in a statute or a municipal regulation." Adams v. Cochran & Co., 597 A.2d 28, 34 (D.C. 1991). Nevertheless, to qualify under Adams as an exception to the at-will employment doctrine, there must be an "outright refusal to violate a specific law." Riggs v. Home Builders

Institute, et al., 203 F.Supp.2d 1, 11 (D.C. 2002).  Assuming, *arguendo*, that BRCS engaged in the fraudulent billing of Plaintiffs' time as alleged, Plaintiff were not preparing or submitting the purportedly fraudulent bills, nor that they were instructed to do so and refused.  Without a refusal to violate an express statute or municipal regulation as Adams requires, no claim for wrongful discharge can be maintained.

This Court's opinion in Macintosh v. Build'g Owners and Mgr's Assoc. Int'l, states that citing a specific state or regulation is unnecessary in limited circumstances.  255 F.Supp.2d 223 (D.D.C. 2005).  Macintosh, however, involved an express instruction to violate the law and an express refusal to violate the law.  The public policy at issue was clear, and the Court was able to determine the required "close fit between the policy thus declared and the conduct at issue in the allegedly wrongful termination." Riggs, 203 F. Supp. d at 7.  This Court in MacIntosh expressly used the conjunctive "and" when holding: "Because plaintiff does not need to cite the statute or regulation that he believes embodies a clear mandate of public policy in his complaint *and* because plaintiff has made the allegation that he was instructed to inflate expenses under a government contract . . ." MacIntosh, 355 F. Supp. 2d at 229 (emphasis added).  Plaintiffs would have this Court analyze the holding in MacIntosh, using the disjunctive as Plaintiffs fail to address the later half of the Court's holding when quoting MacIntosh.  See Plaintiff's Brief in Opposition at 2.  However, it is clear from a full reading of MacIntosh, that a plaintiff need not specifically cite the statute he was required to violate only when the plaintiff expressly alleges that he was in fact required to violate a statute in order to remain employed.  The facts of this case are inapposite to the facts presented to the Court in MacIntosh.  Not only have Plaintiffs failed to allege a statute or regulation that embodies a clear mandate of public policy, at no time were Plaintiffs required to violate any clear mandate of public policy nor did Plaintiffs refuse to participate in the alleged fraudulent billing scheme.  In fact, they continued to perform their

duties for BRSC until the time they were terminated for poor performance and excessive absenteeism.

Plaintiffs fail to state a claim for wrongful termination under Adams or MacIntosh because they have neither alleged that they were expressly directed to violate the law, nor have Plaintiffs alleged that they expressly refused to perform an illegal act. Rather, Plaintiffs allege merely being aware of such alleged conduct and informing BRCS personnel. The allegations in the Complaint make it clear that Defendants were not asked to participate; the alleged wrongdoing was merely reported by Robert Krakat.

The mere implication to a vague unnamed public policy does not automatically qualify Plaintiffs for the "public policy" exception to the District's at-will employment doctrine. Plaintiffs have failed to identify the particular statute they were asked to violate. Again, the mere reference to "Federal and District statutes protecting whistleblowers" is legally insufficient.

## II.   **PLAINTIFFS' CLAIMS FOR DEFAMATION SHOULD BE DISMISSED**

Pleading a claim of defamation in this Court requires a "heightened" standard of pleading. See Wiggins v. Philip Morris, Inc., 853 F. Supp. 458, 465 (D.D.C. 1994). "Conclusory allegations are insufficient to state a claim." Id. To properly plead a defamation claim, "[a] plaintiff should plead the time, place, content, speaker, and listener of the alleged defamatory matter." Id. Plaintiffs contend that Defendant and this Court can fairly "infer" that the alleged statements were made "at the Armed Forces Home where the meetings of the employees, the Krakats, Heffern, Farver, and Anastasi, of the Defendant were held." Such an inference is not appropriate. If in fact Plaintiffs allege that the statements were made at certain meetings, then the date, location, and witnesses of each such meeting should be alleged in the Complaint. Plaintiffs' failure to properly plead the elements of a defamation claim hinders BRCS's ability to draft a proper responsive pleading and prepare a defense. As noted in BRCS's

Memorandum in Support of its Motion to Dismiss, Plaintiffs' allegations must be specific as to the time, place, content, speaker, and listener of the alleged defamatory statements. Plaintiffs' Complaint falls well short of this "heightened" pleading standard.

## **CONCLUSION**

For the foregoing reasons, Brooks Range Contract Services, Inc., respectfully requests that the Court dismiss Plaintiffs' Complaint, and award such other and further relief that the Court deems appropriate.

>BROOKS RANGE CONTRACT SERVICES, INC.
>
>By: __/s/ Karen A. Doner.__
>Karen A. Doner (Bar #458626)
>Williams Mullen, P.C.
>8270 Greensboro Drive, Suite 700
>McLean, Virginia 22102
>703-760-5200
>703-748-0244 (fax)
>Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby acknowledge that on this 17th day of May, 2007, a copy of the foregoing, was served via e-filing upon:

>Timothy P. Leahy, Esq.
>14300 Gallant Fox Lane, Suite 120
>Bowie, Maryland 20715
>Counsel for Plaintiffs

/s/ Karen A. Doner<br>
Karen A. Doner

1452762v3