IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and<br>DONALD KRAKAT,<br><br>          Plaintiffs,<br><br>v.<br><br>BROOKS RANGE CONTRACT SERVICES, INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 1:07-cv-00693-RCL<br>)<br>)<br>)<br>)<br>) |

FILED
NOV 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PROTECTIVE ORDER GOVERNING DISCOVERY

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs Robert Krakat and Donald Krakat (collectively "Plaintiffs") and Defendant Brooks Range Contract Services, Inc. ("Defendant"), and it is hereby ORDERED, that the following procedure shall govern the production and exchange of certain documents:

1.  Material, documents and information (hereafter referred to collectively as "documents") produced solely by Defendant or an agent of Defendant, in the course of discovery or in pre-trial motions, which is considered by Defendant, in good faith to contain personal, private, or otherwise confidential information, may be designated as confidential by Defendant. Inadvertent failure to initially designate documents as confidential may be cured by subsequent designation of such documents as confidential if done promptly after discovery of such initial failure. Unless otherwise ordered by the Court in this proceeding, or agreed upon by the parties or counsel, all confidential documents will be held by Plaintiffs' counsel solely for use in connection with this pending matter.

2.  Documents produced solely by Plaintiffs or an agent of Plaintiffs, in the course of discovery or in pre-trial motions, which is considered by Plaintiffs in good faith to contain personal, private, or otherwise confidential information, may be designated as confidential by

Plaintiffs. Inadvertent failure to initially designate documents as confidential may be cured by subsequent designation of such documents as confidential if done promptly after discovery of such initial failure. Unless otherwise ordered by the Court in this proceeding, or agreed upon by the parties or counsel, all confidential documents will be held by Defendant's counsel solely for use in connection with this pending matter.

3. All documents described in Paragraph 1 or 2 that are designated as confidential and subsequently either inspected or received by the other party pursuant to pre-trial discovery or motions in this action shall not be discussed or disclosed to anyone other than such party, its counsel, fact witnesses and expert witnesses whom such party reasonably believes may be called to testify in this matter; the Court; court personnel; and court reporters.

4. Except as provided above, a party shall not make public disclosure of any documents designated as confidential and subsequently obtained solely from the other party, as pre-trial discovery or through pre-trial motions in this action, without further order of this Court or written consent from the other party or their respective counsel. Unless otherwise ordered by the Court, or agreed upon by the parties or counsel, the intent to file with the Court any confidential documents that have been designated as confidential shall be first communicated to the other party. The other party will be given five (5) business days to request that the confidential documents be filed under seal and any copies thereof shall be held by the parties in confidence as provided in this stipulation.

5. Subject to the terms of Paragraph 4, the recipient party shall not disclose or make use of any documents, material or information obtained pursuant to pre-trial discovery in this action that are received solely from the producing party, and designated confidential, other than for deposition, as exhibits to a motion or other filing with the Court, preparation for trial and use at the trial or other hearing of this action, without further order of this Court or written consent

from the producing party or their counsel. Nothing in this Order will preclude counsel from using confidential information freely at trial or pre-trial hearings, subject to whatever guidelines the Court may impose in this regard.

6. Except upon agreement by the parties, all documents designated confidential, including all copies, shall be returned to the other party or their counsel, respectively, at the conclusion of this litigation upon written request by the producing party.

7. By stipulating and agreeing to this Protective Order Governing Discovery, the parties are not agreeing that the documents protected by the Order are "confidential" for purposes of this lawsuit. Consent to and entry of this Order will have no bearing on whether given documents are properly claimed as confidential hereunder. In any contest over same, the entry of this Order will have no significance on the determination of whether such document is, in fact, confidential.

Entered this 20th day of nov., 2007.

Royce C. Lamberth
Judge

WE ASK FOR THIS:


SEEN & AGREED TO:


By:   /s/ Karen A. Doner
Karen A. Doner, Esq. (DC Bar No. 458626)
Williams Mullen, A Professional Corporation
8270 Greensboro Drive, Suite 700
McLean, VA 22102
(703) 760-5238
(703) 748-0244 (Facsimile)
Counsel for Defendant


By:   /s/ Timothy P. Leahy
Timothy P. Leahy, Esq.
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
Counsel for Plaintiffs


1531761v1