IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and | ) |
| DONALD KRAKAT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No:  1:07-cv-00693-RCL |
| | ) |
| BROOKS RANGE CONTRACT SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO QUASH SUBPOENAS**

Defendant Brooks Range Contract Services, Inc. ("BRCS" or "Defendant"), by counsel, hereby moves to quash the Subpoenas Duces Tecum issued by Plaintiffs Robert Krakat and Donald Krakat (collectively "Plaintiffs"), and states as follows:

1.    In the Complaint, Plaintiffs allege that in 2005, Kevin Heffern ("Heffern"), the BRCS Project Manager who supervised them, engaged in improper invoicing to the government. Complaint ¶ 7.  Specifically, Plaintiffs allege that Heffern:  (1) overcharged the Federal Government over $500 for each air conditioning unit that cost BRCS $200 when BRCS was only entitled to a 12% mark-up. Complaint ¶ 8; (2) overcharged the Federal Government for work not performed relating to a 2005 Christmas Party.  Complaint ¶ 9; (3) overcharged the Federal Government for cement cleanup.  Complaint ¶ 10; (4) allowed Virginia Contracting Services, a company owned by Heffern, to charge BRCS for work that Donald Krakat and other BRCS employees performed during normal business hours. Complaint ¶ 11; and (5) disregarding lower bids for tree services in order to hire a company owned by a friend of Heffern.  Complaint ¶ 12.

Plaintiffs allege that they were terminated because of their "refusal to knowingly participate in the alleged fraudulent activity undertaken by the Defendant."  Complaint ¶¶ 31, 42.

Plaintiffs also allege that they were terminated "in retaliation for [Plaintiffs'] reporting the alleged fraudulent activity to the Home which is a violation of public policy as well as Federal and District statutes protecting whistleblowers."  Complaint ¶¶ 33, 44.

Plaintiffs also allege that BRCS made defamatory statements about Plaintiffs' theft, poor performance, and absenteeism to "employees of BRCS and the Home".  Complaint ¶¶ 35, 36, 47, and 48.

2.    On or about December 26, 2007, Plaintiffs issued Subpoenas Duces Tecum to eight former employers of Heffern seeking "[a]ll documents and records regarding or relating to the employment of KEVIN MARK HEFFERN…"  The Subpoenas seek employment records for varying time periods, up to and including more than 20 years ago.  See copies of Subpoenas attached as Exhibit A.  Presumably, Plaintiffs are on a fishing expedition to discover whether Heffern engaged in alleged fraudulent activity during any past employment.  Such information is not calculated to lead to the discovery of admissible evidence under Fed.R.Civ.Pro. 26.  Heffern's prior employment records are not relevant to the issue of whether BRCS retaliated against Plaintiffs for not participating and/or for complaining about Heffern's alleged fraudulent activities.    Whether Heffern engaged in any such activities for prior employers, which he adamantly denies, has no bearing on whether Plaintiffs were retaliated against by BRCS.  Heffern is not a party to this lawsuit, and thus, his prior employment history should not be discoverable.

3.    Plaintiffs also issued Subpoenas Duces Tecum to Rigel, Inc. and the law firm of Shulman, Rogers, Gandal, Pordy & Ecker, P.A. seeking documents relating to the case of *Kevin Heffern v. Rigel, Inc., et al.*, Case No. 252120V, Circuit Court for Montgomery County, Maryland (2004).  See copies of Subpoenas attached as Exhibit B.  According to Heffern's

deposition testimony and the court's docket sheet, Heffern sued for collection of unpaid wages and breach of contract.  See relevant portions of Heffern's Deposition Transcript and Court's Docket Sheet attached collectively as Exhibit C.  This prior lawsuit by Heffern for unpaid wages, which was apparently settled and dismissed, is not calculated to lead to the discovery of admissible evidence under Fed.R.Civ.Pro. 26.  It is unclear how these documents could possibly relate to Plaintiffs' claims in this case.  As set forth above, Heffern is not a party to this lawsuit and his prior lawsuit with a former employer should not be discoverable.

4.     The undersigned counsel attempted to contact Plaintiffs' counsel to discuss this matter but he was out of the office and unavailable.

WHEREFORE Defendant respectfully requests this Court enter an Order quashing the subpoenas attached as Exhibits A and B to this motion, and for such other relief as this Court deems appropriate.

Respectfully submitted,

_____/s/_____

Karen A. Doner (#458626)
Thomas J. McKee, Jr. (#492482)
WILLIAMS MULLEN, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia  22102
(703) 760-5238
(703) 748-0244 (fax)
Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of December, 2007, a copy of the foregoing document was served via e-filing, to:

Timothy P. Leahy, Esq.
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
*Counsel for Plaintiffs*


_____/s/_____
Karen A. Doner

1547193v2

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

ROBERT KRAKAT and DONALD KRAKAT

V.

BROOKS RANGE CONTRACT SERVICES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-00693-RCL

TO:  Westport Corporation
R/A: John T. Morris, Esq.
1606 Washington Plaza
Reston, Virginia 22090

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE   Timothy P. Leahy, Esq., Byrd & Byrd, LLC 14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715 | DATE AND TIME 1/15/2008  5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 12/26/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715, (301)464-7448

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**

A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

All documents and records regarding or relating to the employment of KEVIN MARK HEFFERN (Social Security No. xxx-xx-3162) at Westport Corporation from 2005 to present, or at any other time.


THIS SUBPOENA DOES <u>NOT</u> REQUIRE YOUR ATTENDANCE. PLEASE PRODUCE COPIES OF THE REQUESTED DOCUMENTS DIRECTLY TO THE ATTORNEY AT THE ADDRESS ON THE SUBPOENA ON OR BEFORE JANUARY 15, 2008.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

ROBERT KRAKAT and DONALD KRAKAT

V.

BROOKS RANGE CONTRACT SERVICES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:07-cv-00693-RCL

TO:  ADC Builders, Inc.
R/A: Michael P. Hollander
2701 Tower Oaks Blvd, Suite 200
Rockville, Maryland 20852

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE    Timothy P. Leahy, Esq., Byrd & Byrd, LLC      14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715 | DATE AND TIME  1/15/2008  5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  12/26/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715, (301)464-7448

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
 (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
 (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
 (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
 (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
 (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
 (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
 (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
 (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
 (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

All documents and records regarding or relating to the employment of KEVIN MARK HEFFERN (Social Security No. xxx-xx-3162) at ADC Builders, Inc. from 2000 to present, or any other time.

THIS SUBPOENA DOES NOT REQUIRE YOUR ATTENDANCE. PLEASE PRODUCE COPIES OF THE REQUESTED DOCUMENTS DIRECTLY TO THE ATTORNEY AT THE ADDRESS ON THE SUBPOENA ON OR BEFORE JANUARY 15, 2008.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 26, 2007, a copy of the foregoing subpoena was mailed first class, postage pre-paid to:

Karen A. Doner, Esq.
Williams Mullen, P.C.
8720 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200
(703) 748-0244 – fax
Attorney for Defendant Brooks Range Contract Services, Inc.

Timothy P. Leahy, D.C. Bar No. 472964

AO88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

ROBERT KRAKAT and DONALD KRAKAT

V.

BROOKS RANGE CONTRACT SERVICES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  1:07-cv-00693-RCL

TO:  Milestone Construction Services, Inc.
R/A: Keith A. Whitener, President
21495 Ridgetop Circle, Suite 300
Sterling, Virginia 20166

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE    Timothy P. Leahy, Esq., Byrd & Byrd, LLC<br>14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715 | DATE AND TIME<br>1/15/2008  5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>12/26/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715, (301)464-7448

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____           _____
                    DATE                                          SIGNATURE OF SERVER

                                                    _____
                                                    ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
    (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

All documents and records regarding or relating to the employment of KEVIN MARK HEFFERN (Social Security No. xxx-xx-3162) at Milestone Construction Services, Inc. from 2002 to present, or at any other time.

THIS SUBPOENA DOES NOT REQUIRE YOUR ATTENDANCE. PLEASE PRODUCE COPIES OF THE REQUESTED DOCUMENTS DIRECTLY TO THE ATTORNEY AT THE ADDRESS ON THE SUBPOENA ON OR BEFORE JANUARY 15, 2008.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on December 26, 2007, a copy of the foregoing subpoena was mailed first class, postage pre-paid to:

Karen A. Doner, Esq.
Williams Mullen, P.C.
8720 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200
(703) 748-0244 – fax
Attorney for Defendant Brooks Range Contract Services, Inc.

Timothy P. Leahy, D.C. Bar No. 472964

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

ROBERT KRAKAT and DONALD KRAKAT

V.

BROOKS RANGE CONTRACT SERVICES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:07-cv-00693-RCL

TO:   Brown & Root Services Corporation
9000 Rockville Pike
Bethesda, Maryland 20892

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE    Timothy P. Leahy, Esq., Byrd & Byrd, LLC<br>14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715 | DATE AND TIME<br>1/15/2008  5:00 pm |
|---|---|

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 12/26/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715, (301)464-7448

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                        DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

All documents and records regarding or relating to the employment of KEVIN MARK
HEFFERN (Social Security No. xxx-xx-3162) at Brown & Root Services Corporation from
1995 to present, or any other time.


THIS SUBPOENA DOES NOT REQUIRE YOUR ATTENDANCE.  PLEASE
PRODUCE COPIES OF THE REQUESTED DOCUMENTS DIRECTLY TO THE
ATTORNEY AT THE ADDRESS ON THE SUBPOENA ON OR BEFORE JANUARY
15, 2008.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 26, 2007, a copy of the foregoing subpoena was mailed first class, postage pre-paid to:

Karen A. Doner, Esq.
Williams Mullen, P.C.
8720 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200
(703) 748-0244 – fax
Attorney for Defendant Brooks Range Contract Services, Inc.

Timothy P. Leahy, D.C. Bar No. 472964

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

ROBERT KRAKAT and DONALD KRAKAT

**SUBPOENA IN A CIVIL CASE**

V.

BROOKS RANGE CONTRACT SERVICES, INC.

Case Number:[1]    1:07-cv-00693-RCL

TO:  Brown & Root Services Corporation
     R/A: The Corporation Trust Inc.
     300 East Lombard Street
     Baltimore, Maryland 21202

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE  Timothy P. Leahy, Esq., Byrd & Byrd, LLC     14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715 | DATE AND TIME     1/15/2008  5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE     12/26/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715, (301)464-7448

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

| | DATE | SIGNATURE OF SERVER |
|---|---|---|
| | | |
| | | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

All documents and records regarding or relating to the employment of KEVIN MARK HEFFERN (Social Security No. xxx-xx-3162) at Brown & Root Services Corporation from 1995 to present, or any other time.

THIS SUBPOENA DOES <u>NOT</u> REQUIRE YOUR ATTENDANCE. PLEASE PRODUCE COPIES OF THE REQUESTED DOCUMENTS DIRECTLY TO THE ATTORNEY AT THE ADDRESS ON THE SUBPOENA ON OR BEFORE JANUARY 15, 2008.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 26, 2007, a copy of the foregoing subpoena was mailed first class, postage pre-paid to:

Karen A. Doner, Esq.
Williams Mullen, P.C.
8720 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200
(703) 748-0244 – fax
Attorney for Defendant Brooks Range Contract Services, Inc.

Timothy F. Leahy, D.C. Bar No. 472964

AO88  (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLUMBIA

ROBERT KRAKAT and DONALD KRAKAT

### V.

BROOKS RANGE CONTRACT SERVICES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:07-cv-00693-RCL

TO:  D. H. Kim Enterprises, Inc.
R/A: Kyung Ho Kim
3503 Maryland Avenue
Landover, Maryland 20875

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE     Timothy P. Leahy, Esq., Byrd & Byrd, LLC<br>14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715 | DATE AND TIME<br>1/15/2008  5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE<br>12/26/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715, (301)464-7448

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |
| | |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

All documents and records regarding or relating to the employment of KEVIN MARK HEFFERN (Social Security No. xxx-xx-3162) at D.H. Kim Enterprises, Inc. from 1992 to present, or any other time.

THIS SUBPOENA DOES <u>NOT</u> REQUIRE YOUR ATTENDANCE.  PLEASE PRODUCE COPIES OF THE REQUESTED DOCUMENTS DIRECTLY TO THE ATTORNEY AT THE ADDRESS ON THE SUBPOENA ON OR BEFORE JANUARY 15, 2008.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 26, 2007, a copy of the foregoing subpoena was mailed first class, postage pre-paid to:

Karen A. Doner, Esq.
Williams Mullen, P.C.
8720 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200
(703) 748-0244 – fax
Attorney for Defendant Brooks Range Contract Services, Inc.

Timothy P. Leahy, D.C. Bar No. 472964

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

ROBERT KRAKAT and DONALD KRAKAT

**SUBPOENA IN A CIVIL CASE**

V.

BROOKS RANGE CONTRACT SERVICES, INC.

Case Number:[1]    1:07-cv-00693-RCL

TO:    Chris Howlett Builder
Route 1, Box 17
Lovettsville, Virginia 22080

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE    Timothy P. Leahy, Esq., Byrd & Byrd, LLC 14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715 | DATE AND TIME 1/15/2008  5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE  12/26/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715, (301)464-7448

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
　(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
　(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　　(i) fails to allow reasonable time for compliance;
　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) If a subpoena
　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
　(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
　(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
　(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
　(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
　(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
　(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

All documents and records regarding or relating to the employment of KEVIN MARK HEFFERN (Social Security No. xxx-xx-3162) at Chris Howlett Builder from 1988 to present, or any other time.


THIS SUBPOENA DOES <u>NOT</u> REQUIRE YOUR ATTENDANCE.  PLEASE PRODUCE COPIES OF THE REQUESTED DOCUMENTS DIRECTLY TO THE ATTORNEY AT THE ADDRESS ON THE SUBPOENA ON OR BEFORE JANUARY 15, 2008.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 26, 2007, a copy of the foregoing subpoena was mailed first class, postage pre-paid to:

Karen A. Doner, Esq.
Williams Mullen, P.C.
8720 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200
(703) 748-0244 – fax
Attorney for Defendant Brooks Range Contract Services, Inc.

Timothy P. Leahy, D.C. Bar No. 472964

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

ROBERT KRAKAT and DONALD KRAKAT

V.

BROOKS RANGE CONTRACT SERVICES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    1:07-cv-00693-RCL

TO:     GBS Mechanical
        Route 1, Box 29G
        Lovettsville, Virginia 22080

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE    Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715 | DATE AND TIME
1/15/2008  5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE
12/26/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715, (301)464-7448

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

| DATE | SIGNATURE OF SERVER |
|---|---|

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

All documents and records regarding or relating to the employment of KEVIN MARK HEFFERN (Social Security No. xxx-xx-3162) at GBS Mechanical from 1984 to present, or any other time.


THIS SUBPOENA DOES <u>NOT</u> REQUIRE YOUR ATTENDANCE.  PLEASE PRODUCE COPIES OF THE REQUESTED DOCUMENTS DIRECTLY TO THE ATTORNEY AT THE ADDRESS ON THE SUBPOENA ON OR BEFORE JANUARY 15, 2008.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 26, 2007, a copy of the foregoing subpoena was mailed first class, postage pre-paid to:

Karen A. Doner, Esq.
Williams Mullen, P.C.
8720 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200
(703) 748-0244 – fax
Attorney for Defendant Brooks Range Contract Services, Inc.

Timothy P. Leahy, D.C. Bar No. 472964

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

ROBERT KRAKAT and DONALD KRAKAT

V.

BROOKS RANGE CONTRACT SERVICES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:07-cv-00693-RCL

TO:  Rigel, Inc.
     R/A: Luis Angel Fulgencio, President
     6601 Little River Turnpike, Suite 450
     Alexandria, Virginia 22312

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE    Timothy P. Leahy, Esq., Byrd & Byrd, LLC 14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715 | DATE AND TIME 1/15/2008  5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 12/26/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715, (301)464-7448

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                    DATE                           SIGNATURE OF SERVER

                                        _____
                                        ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

1.    All documents and records regarding or relating to the employment of KEVIN MARK HEFFERN (Social Security No. xxx-xx-3162) at Rigel, Inc. from 2003 to 2004 to present, or at any other time.

2.    All documents and records regarding or related to *Kevin Heffern v. Rigel, Inc. et al.*, Case No. 252120V, Circuit Court for Montgomery County, Maryland, 2004.

THIS SUBPOENA DOES <u>NOT</u> REQUIRE YOUR ATTENDANCE. PLEASE PRODUCE COPIES OF THE REQUESTED DOCUMENTS DIRECTLY TO THE ATTORNEY AT THE ADDRESS ON THE SUBPOENA ON OR BEFORE JANUARY 15, 2008.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 26, 2007, a copy of the foregoing subpoena was mailed first class, postage pre-paid to:

Karen A. Doner, Esq.
Williams Mullen, P.C.
8720 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200
(703) 748-0244 – fax
Attorney for Defendant Brooks Range Contract Services, Inc.

Timothy P. Leahy, D.C. Bar No. 472964

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF COLUMBIA

ROBERT KRAKAT and DONALD KRAKAT

V.

BROOKS RANGE CONTRACT SERVICES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:07-cv-00693-RCL

TO:  Rigel, Inc.
     R/A: Luis Angel Fulgencio, President
     6601 Little River Turnpike, Suite 450
     Alexandria, Virginia 22312

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE     Timothy P. Leahy, Esq., Byrd & Byrd, LLC<br>14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715 | DATE AND TIME<br>1/15/2008  5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | 12/26/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715, (301)464-7448

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**

tabbies®  B

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | |
| | ADDRESS OF SERVER |

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

1.  All documents and records regarding or relating to the employment of KEVIN MARK HEFFERN (Social Security No. xxx-xx-3162) at Rigel, Inc. from 2003 to 2004 to present, or at any other time.

2.  All documents and records regarding or related to *Kevin Heffern v. Rigel, Inc. et al.*, Case No. 252120V, Circuit Court for Montgomery County, Maryland, 2004.


THIS SUBPOENA DOES NOT REQUIRE YOUR ATTENDANCE. PLEASE PRODUCE COPIES OF THE REQUESTED DOCUMENTS DIRECTLY TO THE ATTORNEY AT THE ADDRESS ON THE SUBPOENA ON OR BEFORE JANUARY 15, 2008.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 26, 2007, a copy of the foregoing subpoena was mailed first class, postage pre-paid to:

Karen A. Doner, Esq.
Williams Mullen, P.C.
8720 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200
(703) 748-0244 – fax
Attorney for Defendant Brooks Range Contract Services, Inc.

Timothy P. Leahy, D.C. Bar No. 472964

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### DISTRICT OF COLUMBIA

ROBERT KRAKAT and DONALD KRAKAT

V.

BROOKS RANGE CONTRACT SERVICES, INC.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   1:07-cv-00693-RCL

TO:   Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
R/A: The Corporate Services Company
11840 Beekman Place
Potomac, Maryland 20854

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT A

| PLACE     Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715 | DATE AND TIME
1/15/2008  5:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE
12/26/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Timothy P. Leahy, Esq., Byrd & Byrd, LLC
14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715, (301)464-7448

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT A

All documents and records regarding or relating to *Kevin Heffern v. Rigel, Inc. et al.*, Case No. 252120V, Circuit Court for Montgomery County, Maryland, 2004.

THIS SUBPOENA DOES <u>NOT</u> REQUIRE YOUR ATTENDANCE. PLEASE PRODUCE COPIES OF THE REQUESTED DOCUMENTS DIRECTLY TO THE ATTORNEY AT THE ADDRESS ON THE SUBPOENA ON OR BEFORE JANUARY 15, 2008.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 26, 2007, a copy of the foregoing subpoena was mailed first class, postage pre-paid to:

Karen A. Doner, Esq.
Williams Mullen, P.C.
8720 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200
(703) 748-0244 – fax
Attorney for Defendant Brooks Range Contract Services, Inc.

_____
Timothy P. Leahy, D.C. Bar No. 472964

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

ROBERT KRAKAT, et al.,           )
                                 )
        Plaintiffs,              )
                                 )
        -vs-                     )  CASE NO. 1:07-cv-00693-
BROOKS RANGE CONTRACT            )
RCL SERVICES, INC.,              )
                                 )
        Defendant.               )

                            Thursday, November 29, 2007

                            Bowie, Maryland

Deposition of

        KEVIN MARK HEFFERN, SR.

called for examination by counsel for the

Plaintiff, pursuant to notice, held at the

offices of Byrd & Byrd, LLC, 14300 Gallant Fox

Lane, Suite 120, Bowie, Maryland 20715,

beginning at 10:08 a.m., before Bonnie Marcus

Olachea, a notary public in and for the District

of Columbia, when were present on behalf of the

respective parties:

**EXHIBIT**

_C_

1    A.    Yes.

2    Q.    What would be the next one?

3    A.    Sometime around 2004 I believe I sued Regal

4    Construction.

5    Q.    What was your position with DH Kim?

6    A.    Superintendent.

7    Q.    Did you have any ownership of DH Kim?

8    A.    No.

9    Q.    Did you have any other status with them, resident

10    agent, director?

11    A.    No, sir.

12    Q.    And at Regal -- I think I understand that you were

13    vice president at Regal?

14    A.    Yes.

15    Q.    Were you hired as a vice president?

16    A.    Yes.

17    Q.    And left as a vice president?

18    A.    Yes.

19    Q.    How long were you there?

20    A.    I recall a little over a year.

21    Q.    And tell me about your lawsuit with Regal.

22    A.    Part of my offer from Regal was to provide medical

23    insurance for me and my family and to provide a vehicle, and

24    to provide bonuses based on projects that I acquired and

25    completed.

1    Q.    And I guess in your complaint what was the

2    allegation that Regal failed to do?

3    A.    Pay for the medical, provide the vehicle,

4    compensate for several different projects.

5    Q.    Was that during the course of your employment or

6    after you left Regal?

7    MS. DONER:  Are you asking whether he sued while he

8    was employed?

9    BY MR. LEAHY:

10    Q.    Let me just strike the question.

11    Why did you leave Regal?

12    A.    I left Regal because I had gotten an offer from

13    StructureTone, and I resigned from Regal.

14    Q.    And the lawsuit, I take it you filed that after you

15    left Regal?

16    A.    To the best of my knowledge, yes.

17    Q.    Okay.  And that was for their failure to provide

18    insurance, vehicle, and bonuses for the time when you were

19    working?

20    MS. DONER:  Objection.

21    THE WITNESS:  Correct, yes.

22    BY MR. LEAHY:

23    Q.    Other than that 2004 suit with Regal have you been

24    involved in any other civil matters?

25    A.    Not that I can recall.

1        CERTIFICATE OF NOTARY PUBLIC

2    I, BONNIE MARCUS OLACHEA, the officer before whom the

3    foregoing deposition was taken, do hereby testify that the

4    witness whose testimony appears in the foregoing deposition

5    was duly sworn by me; that the testimony of said witness

6    taken by me stenographically and thereafter reduced to

7    typewriting under my direction; that said deposition is a

8    true record of the testimony given by said witness; that I

9    am neither counsel for, related to, nor employed by any of

10   the parties to the action in which this deposition was

11   taken; and further, that I am not a relative or employee of

12   any attorney or counsel employed by the parties hereto nor

13   financially or otherwise interested in the outcome of the

14   action.

15

16   *Bonnie Marcus Olachea*
         BONNIE MARCUS OLACHEA

17

18             Notary Public in and for

19             the State of Maryland

20

21   My Commission expires: June 14, 2006

22

Circuit Court of Maryland

Go Back

## Case Information

Court System: **Circuit Court for Montgomery County – Civil System**

Case Number: **252120V**    Sub Type:    **OTHER LAW**

Date Filed: **05/19/2004**

Case Status: **CLOSED**

## Plaintiff Information

*(Each Alias, Address, and Attorney for the Plaintiff is displayed)*

Name: **HEFFERN, KEVIN M**

Address: **39013 TWINCREEK LANE**

**LOVETTSVILLE VA 20180**

### Attorney(s) for the Plaintiff

Name: **LUCAS, DAVID A**

Address: **ZIPIN MELEHY & DRISCOLL LLC**

**SUITE 610**

**8403 COLESVILLE ROAD**

**SILVER SPRING MD 20910**

Phone: **301-587-6364**

## Defendant Information

*(Each Alias, Address, and Attorney for the Defendant is displayed)*

Name: **RIGEL INC CONSTRUCTION**

Address: **6601 LITTLE RIVER TURNPIK 450**

**ALEXANDRIA VA 22312**

### Attorney(s) for the Defendant

Name: **ETELSON, GLENN C**

Address: **SHULMAN, ROGERS, GANDAL, PORDY**

**AND ECKER**

**11921 ROCKVILLE PIKE STE 300**

**ROCKVILLE MD 20852**

Phone: **301-231-0956**

Name: **CHUNG, HONG SUK "PAUL"**

Address: **SHULMAN ROGERS GANDAL PORDY & ECKER**

**THIRD FLOOR**

**11921 ROCKVILLE PIKE**

**ROCKVILLE MD 20852**

Phone: **301-230-5230**

Name: **ANGEL, FULGENCIO LUIS**

Address: **6601 LITTLE RIVER TURNPIK 450**

**ALEXANDRIA VA 22312**

*Attorney(s) for the Defendant*

Name: **ETELSON, GLENN C**

Address: **SHULMAN, ROGERS, GANDAL, PORDY**

**AND ECKER**

**11921 ROCKVILLE PIKE STE 300**

**ROCKVILLE MD 20852**

Phone: **301-231-0956**

## Issues Information

Issue: **COLLECTION WAGES UNLAWFULLY WITHHELD**

Issue: **VIOLATION**

Issue: **BREACH OF CONTRACT**

## Document Tracking

Docket Date: **05/19/2004**    Docket Number:  **1**

Docket Description: **BILL OF COMPLAINT**

Docket Type: **Docket**    Filed By:  **Plaintiff**

Docket Text: **COMPLAINT (VIOLATION OF MARYLAND WAGE PAYMENT & COLLECTION LAW AND BREACH OF CONTRACT) AND JURY DEMAND, FILED.**

Docket Date: **05/19/2004**    Docket Number:  **2**

Docket Description: **INFORMATION SHEET FILED**

Docket Type: **Docket**    Filed By:  **Plaintiff**

Docket Text: **PLAINTIFF'S INFORMATION SHEET FILED.**

Docket Date: **05/19/2004**    Docket Number:  **3**

Docket Description: **INSTRUCTIONS FOR SERVICE**

Docket Type: **Docket**    Filed By:  **Plaintiff**

Docket Text: **PLAINTIFF'S INSTRUCTIONS FOR SERVICE, FILED.**

Docket Date: **05/26/2004**    Docket Number:  **4**

Docket Description: **ORDER, SCHEDULING HEARING CIVIL TRK**

Docket Type: **Docket**

Ruling Judge: **HARRINGTON, ANN**

Docket Text: **NOTICE OF SCHEDULING CONFERENCE AND ORDER OF COURT - TRACK 3 (HARRINGTON, J.) ENTERED. (COPIES MAILED)**

Docket Date: **05/26/2004**   Docket Number:   **5**

Docket Description: **NOTICE, NEW CASE NUMBER**

Docket Type: **Docket**

Docket Text: **NOTICE SENT GIVING NEW CASE NUMBER TO ALL PARTIES.**

---

Docket Date: **05/26/2004**   Docket Number:   **6**

Docket Description: **SUMMONS ISSUED**

Docket Type: **Docket**

Docket Text: **ONE 30 DAY AS TO RIGEL INC, CONSTRUCTION AND ONE 60 DAY AS TO FULGENCIO ANGEL ISSUED FOR PERSONAL SERVICE AND MAILED TO ATTORNEY.**

---

Docket Date: **05/26/2004**   Docket Number:   **7**

Docket Description: **NOTICE, EXISTING SCHEDULE**

Docket Type: **Docket**

Docket Text: **NOTICE TO NEW ATTORNEY(S) OF EXISTING SCHEDULE**

---

Docket Date: **06/09/2004**   Docket Number:   **8**

Docket Description: **AFFIDAVIT OF SERVICE ON SUMMONS: SERVED**

Docket Type: **Docket**

Docket Text: **AFFIDAVIT OF SERVICE ON SUMMONS: SERVED AS TO FULGENCIO LUIS ANGEL ON 06/03/04, FILED.**

---

Docket Date: **07/12/2004**   Docket Number:   **9**

Docket Description: **AFFIDAVIT OF SERVICE BY MAILING - SUMMONS**

Docket Type: **Docket**   Filed By:   **Plaintiff**

Docket Text: **AFFIDAVIT OF SERVICE BY MAILING AS TO RIGEL INC. CONSTRUCTION AND RETURN RECEIPT, FILED.**

---

Docket Date: **07/14/2004**   Docket Number:   **10**

Docket Description: **NOTICE, HEARING DATE**

Docket Type: **Docket**

Docket Text: **NOTICE OF HEARING DATE FILED AND MAILED. (HEARING DATE: 09/03/2004)**

---

Docket Date: **07/15/2004**   Docket Number:   **11**

Docket Description: **MOTION, DEFAULT**

Docket Type: **Motion**   Filed By:   **Plaintiff**   Status:   **Denied**

Ruling Judge: **HARRINGTON, ANN**

Reference Docket(s): **Opposition: 14   Ruling: 17**

Docket Text: **PLAINTIFF'S MOTION FOR ENTRY OF ORDER OF DEFAULT, POINTS AND AUTHORITIES AND ATTACHMENTS, FILED.**

---

Docket Date: **07/15/2004**   Docket Number:   **12**

Docket Description: **MEMORANDUM**

Docket Type: **Docket**

Docket Text: **JUDGE THOMPSON'S MEMORANDUM TO ASSIGNMENT COMMISSIONER, FILED.**

---

Docket Date: **07/23/2004**   Docket Number:   **13**

Docket Description: **ANSWER**

Docket Type: **Docket**   Filed By:  **Defense**

Docket Text: **DEFENDANT, FULGENCIO LUIS ANGEL'S ANSWER FILED. (L/P)**

---

Docket Date: **07/23/2004**   Docket Number:   **14**

Docket Description: **OPPOSITION TO MOTION**

Docket Type: **Opposition**   Filed By:  **Defense**

Ruling Judge: **HARRINGTON, ANN**

Reference Docket(s): **Motion: 11   Ruling: 17**

Docket Text: **DEFENDANT, RIGEL INC. CONSTRUCTION'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF ORDER OF DEFAULT FILED. (L/P)**

---

Docket Date: **07/23/2004**   Docket Number:   **15**

Docket Description: **ANSWER**

Docket Type: **Docket**   Filed By:  **Defense**

Docket Text: **DEFENDANT, RIGEL INC. CONSTRUCTION'S ANSWER FILED. (L/P)**

---

Docket Date: **07/27/2004**   Docket Number:   **16**

Docket Description: **NOTICE, EXISTING SCHEDULE**

Docket Type: **Docket**

Docket Text: **NOTICE TO NEW ATTORNEY(S) OF EXISTING SCHEDULE**

---

Docket Date: **08/02/2004**   Docket Number:   **17**

Docket Description: **ORDER, DEFAULT**

Docket Type: **Ruling**   Status:  **Denied**

Ruling Judge: **HARRINGTON, ANN**

Reference Docket(s): **Motion: 11   Opposition: 14**

Docket Text: **ORDER OF COURT (HARRINGTON, J.) THAT THE PLAINTIFF'S MOTION FOR ENTRY OF ORDER OF DEFAULT IS DENIED, ENTERED. (COPIES MAILED)**

---

Docket Date: **08/26/2004**   Docket Number:   **18**

Docket Description: **CERTIFICATE REGARDING DISCOVERY**

Docket Type: **Docket**   Filed By:  **Plaintiff**

Docket Text: **PLAINTIFF'S CERTIFICATE REGARDING DISCOVERY AS TO FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS FILED. (LP)**

---

Docket Date: **09/03/2004**   Docket Number:   **19**

Docket Description: **HEARING, SCHED HRG ALL PRESENT MEDIATION**

Docket Type: **Docket**

Ruling Judge: **THOMPSON, DURKE**

Docket Text: **SCHEDULING CONFERENCE (THOMPSON, J.) ALL PARTIES PRESENT SCHEDULING AND PRETRIAL ORDERS DISTRIBUTED AND IN EFFECT. CASE REFERRED TO A.D.R.**

Audio Media: **02-090304**    Start: **09:27:03**    Stop: **09:29:07**

---

Docket Date: **09/07/2004**    Docket Number: **20**

Docket Description: **MOTION, DISMISS**

Docket Type: **Motion**    Filed By: **Defense**    Status: **Denied**

Ruling Judge: **BEARD, DELAWRENCE**

Reference Docket(s): **Opposition: 26    Ruling: 36**

Docket Text: **DEFENDANTS' MOTION TO DISMISS COUNT I, OR IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT AND REQUEST FOR SANCTIONS, REQUEST FOR HEARING AND ATTACHMENTS FILED.**

---

Docket Date: **09/07/2004**    Docket Number: **21**

Docket Description: **MOTION, DISMISS**

Docket Type: **Motion**    Filed By: **Defense**    Status: **Granted**

Ruling Judge: **BEARD, DELAWRENCE**

Reference Docket(s): **Opposition: 27    Ruling: 37**

Docket Text: **DEFENDANT, FULGENCIO LUIS ANGEL'S MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, REQUEST FOR HEARING AND ATTACHMENTS FILED.**

---

Docket Date: **09/08/2004**    Docket Number: **22**

Docket Description: **SCHEDULING AND PRETRIAL HEARING ORDER**

Docket Type: **Docket**

Ruling Judge: **HARRINGTON, ANN**

Docket Text: **SCHEDULING ORDER AND PRETRIAL CONFERENCE ORDER – TRACK 3 (HARRINGTON, J.) ENTERED. (COPIES HANDED)**

---

Docket Date: **09/14/2004**    Docket Number: **23**

Docket Description: **NOTICE, HEARING DATE**

Docket Type: **Docket**

Docket Text: **NOTICE OF HEARING DATE FILED AND MAILED. (HEARING DATE: 11/08/2004)**

---

Docket Date: **09/14/2004**    Docket Number: **24**

Docket Description: **LINE**

Docket Type: **Docket**    Filed By: **Defense**

Docket Text: **DEFENDANT RIGEL INC. CONSTRUCTION'S FILING IDENTIFIED AS EXHIBIT 2 TO THE MOTION TO DISMISS COUNT I, OR IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT AND REQUEST FOR SANCTIONS, FILED. (REMOVED AND PLACED WITH TAB #20)**

---

Docket Date: **09/20/2004**    Docket Number: **25**

Docket Description: **RESPONSE**

Docket Type: **Docket**    Filed By: **Plaintiff**

**PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER, FILED.**

Docket Text:

---

Docket Date: **09/20/2004**    Docket Number:    **26**

Docket Description: **OPPOSITION TO MOTION**

Docket Type: **Opposition**    Filed By:    **Plaintiff**

Ruling Judge: **BEARD, DELAWRENCE**

Reference Docket(s): **Motion: 20    Ruling: 36**

Docket Text: **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT I, OR IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT AND REQUEST FOR SANCTIONS, FILED.**

---

Docket Date: **09/20/2004**    Docket Number:    **27**

Docket Description: **OPPOSITION TO MOTION**

Docket Type: **Opposition**    Filed By:    **Plaintiff**

Ruling Judge: **BEARD, DELAWRENCE**

Reference Docket(s): **Motion: 21    Ruling: 37**

Docket Text: **PLAINTIFF'S OPPOSITION TO DEFENDANT FULGENCIO LUIS ANGEL'S MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, FILED.**

---

Docket Date: **09/20/2004**    Docket Number:    **28**

Docket Description: **NOTICE, HEARING DATE**

Docket Type: **Docket**

Docket Text: **NOTICE OF HEARING DATE FILED AND MAILED. (HEARING DATE: 11/08/2004)**

---

Docket Date: **09/20/2004**    Docket Number:    **29**

Docket Description: **NOTICE, EXISTING SCHEDULE**

Docket Type: **Docket**

Docket Text: **NOTICE TO NEW ATTORNEY(S) OF EXISTING SCHEDULE**

---

Docket Date: **09/23/2004**    Docket Number:    **30**

Docket Description: **MOTION, PROTECTIVE ORDER**

Docket Type: **Motion**    Filed By:    **Defense**    Status:    **Granted**

Ruling Judge: **DONOHUE, D WARREN**

Reference Docket(s): **Ruling: 34**

Docket Text: **DEFENDANT RIGEL INC. CONSTRUCTION'S MOTION FOR PROTECTIVE ORDER, FILED.**

---

Docket Date: **10/07/2004**    Docket Number:    **31**

Docket Description: **RESPONSE**

Docket Type: **Docket**    Filed By:    **Defense**

Docket Text: **DEFENDANT FULGENCIO LUIS ANGEL'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, FILED.**

---

Docket Date: **10/07/2004**    Docket Number:    **32**

Docket Description: **RESPONSE**

Docket Type: **Docket**    Filed By: **Defense**

Docket Text: **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNT I, OR IN THE ALTERNATIVE, MOTION TO DISMISS COMPLAINT AND REQUEST FOR SANCTIONS, FILED.**

---

Docket Date: **10/12/2004**    Docket Number: **33**

Docket Description: **NOTICE, EXISTING SCHEDULE**

Docket Type: **Docket**

Docket Text: **NOTICE TO NEW ATTORNEY(S) OF EXISTING SCHEDULE**

---

Docket Date: **10/21/2004**    Docket Number: **34**

Docket Description: **ORDER, PROTECTIVE (NON-DOMESTIC VIOLENCE)**

Docket Type: **Ruling**    Status: **Granted**

Ruling Judge: **DONOHUE, D WARREN**

Reference Docket(s): **Motion: 30**

Docket Text: **ORDER OF COURT (DONOHUE, J./KALIL, M.) THAT DEFENDANT RIGEL, INC. CONSTRUCTION'S MOTION FOR PROTECTIVE ORDER IS GRANTED-NO OPPOSITION FILED, ENTERED. (COPIES MAILED)**

---

Docket Date: **11/01/2004**    Docket Number: **35**

Docket Description: **MOTION, PROTECTIVE ORDER**

Docket Type: **Motion**    Filed By: **Defense**    Status: **Granted**

Ruling Judge: **RYAN, JAMES**

Reference Docket(s): **Ruling: 41**

Docket Text: **DEFENDANT, RIGEL INC. CONSTRUCTION'S SUPPLEMENTAL MOTION FOR PROTECTIVE ORDER FILED. (L/P)**

---

Docket Date: **11/08/2004**    Docket Number: **36**

Docket Description: **HEARING**

Docket Type: **Ruling**    Status: **Denied**

Ruling Judge: **BEARD, DELAWRENCE**

Reference Docket(s): **Motion: 20    Opposition: 26**

Docket Text: **HEARING ON DEFENDANTS MOTION TO DISMISS COUNT #1, OR IN THE ALTERNATIVE MOTION TO DISMISS (#20) (BEARD, J.) - DENIED.**

Audio Media: **17-110804**    Start: **10:49:44**    Stop: **11:00:33**

---

Docket Date: **11/08/2004**    Docket Number: **37**

Docket Description: **ORDER, DISMISS W/OUT PREJ.**

Docket Type: **Ruling**    Status: **Granted**

Ruling Judge: **BEARD, DELAWRENCE**

Reference Docket(s): **Motion: 21    Opposition: 27**

Docket Text: **HEARING ON DEFENDANT FULGENCIO LUIS ANGEL'S MOTION TO DISMISS COMPLAINT (#21) (BEARD, J.) - GRANTED. ORDER TO BE SUBMITTED.**

---

Docket Date: **11/10/2004**    Docket Number: **38**

Docket Description: **ORDER, DISMISS WITH PREJUDICE**

Docket Type: **Docket**

Ruling Judge: **BEARD, DELAWRENCE**

Docket Text: **ORDER OF COURT (BEARD, J.)THAT THE DEFENDANT FULGENCIO LUIS ANGEL'S MOTION TO DISMISS, OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT IS HEREBY GRANTED, THAT THE CASE AGAINST THE DEFENDANT FULGENCIO LUIS ANGEL IS HEREBY DISMISSED, ENTERED. (COPIES MAILED)**

---

Docket Date: **11/19/2004**   Docket Number: **39**

Docket Description: **CERTIFICATE REGARDING DISCOVERY**

Docket Type: **Docket**   Filed By: **Defense**

Docket Text: **DEFENDANT'S CERTIFICATE REGARDING DISCOVERY AS TO ANSWER TO INTERROGATORIES AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, FILED.**

---

Docket Date: **12/03/2004**   Docket Number: **40**

Docket Description: **CERTIFICATE REGARDING DISCOVERY**

Docket Type: **Docket**   Filed By: **Defense**

Docket Text: **DEFENDANT RIGEL INC. CONSTRUCTION'S CERTIFICATE REGARDING DISCOVERY AS TO NOTICE OF DEPOSITION FILED.**

---

Docket Date: **12/08/2004**   Docket Number: **41**

Docket Description: **ORDER, PROTECTIVE (NON-DOMESTIC VIOLENCE)**

Docket Type: **Ruling**   Status: **Granted**

Ruling Judge: **RYAN, JAMES**

Reference Docket(s): **Motion: 35**

Docket Text: **ORDER OF COURT (RYAN, J./KALIL, M.) THAT DEFENDANT RIGEL INC. CONSTRUCTION'S SUPPLEMENTAL MOTION FOR PROTECTIVE ORDER IS GRANTED-NO OPPOSITION FILED, ENTERED. (COPIES MAILED)**

---

Docket Date: **12/23/2004**   Docket Number: **42**

Docket Description: **CERTIFICATE REGARDING DISCOVERY**

Docket Type: **Docket**   Filed By: **Defense**

Docket Text: **DEFENDANT, RIGEL INC., CONSTRUCTION'S CERTIFICATE REGARDING DISCOVERY AS TO SUPPLEMENTAL ANSWER TO INTERROGATORIES, FILED.**

---

Docket Date: **01/10/2005**   Docket Number: **43**

Docket Description: **CERTIFICATE REGARDING DISCOVERY**

Docket Type: **Docket**   Filed By: **Defense**

Docket Text: **DEFENDANT'S CERTIFICATE REGARDING DISCOVERY AS TO FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, FILED.**

---

Docket Date: **02/14/2005**   Docket Number: **44**

Docket Description: **MOTION, EXTEND DISCOVERY DEADLINE**

Docket Type: **Motion**   Filed By: **Plaintiff**   Status: **Granted**

Ruling Judge: **HARRINGTON, ANN**

Reference Docket(s): **Opposition: 46   Ruling: 47**

Docket Text: **PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND**

Docket Text: **FILE MOTIONS AND ATTACHMENT, FILED.**

---

Docket Date: **02/25/2005**    Docket Number:  **45**

Docket Description: **CERTIFICATE REGARDING DISCOVERY**

Docket Type: **Docket**    Filed By:  **Plaintiff**

Docket Text: **PLAINTIFF'S CERTIFICATE REGARDING DISCOVERY AS TO RESPONSES TO FIRST SET OF INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, FILED.**

---

Docket Date: **03/01/2005**    Docket Number:  **46**

Docket Description: **OPPOSITION TO MOTION**

Docket Type: **Opposition**    Filed By:  **Defense**

Ruling Judge: **HARRINGTON, ANN**

Reference Docket(s): **Motion: 44    Ruling: 47**

Docket Text: **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY AND FILE MOTIONS, FILED.**

---

Docket Date: **03/10/2005**    Docket Number:  **47**

Docket Description: **ORDER, EXTENSION OF TIME**

Docket Type: **Ruling**    Status:  **Granted**

Ruling Judge: **HARRINGTON, ANN**

Reference Docket(s): **Motion: 44    Opposition: 46**

Docket Text: **ORDER OF COURT (HARRINGTON, J./KALIL, M.) THAT PLAINTIFF'S MOTION FOR EXTENSION OF TIME IS GRANTED AND THAT DISCOVERY SHALL CONCLUDE BY NO LATER THAN APRIL 6, 2005 AND THE DEADLINE FOR FILING MOTIONS SHALL BE APRIL 15, 2005 ENTERED. (COPIES MAILED)**

---

Docket Date: **04/13/2005**    Docket Number:  **48**

Docket Description: **LINE OF DISMISSAL WITH PREJUDICE**

Docket Type: **Docket**    Filed By:  **Jointly**

Docket Text: **JOINT STIPULATION OF DISMISSAL WITH PREJUDICE, FILED.**

---

*The complete case file can be obtained from the Circuit Courthouse.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT KRAKAT and )
DONALD KRAKAT, )
)
Plaintiffs, )
)
v. ) Case No: 1:07-cv-00693-RCL
)
BROOKS RANGE CONTRACT SERVICES, INC., )
)
Defendant. )

## **ORDER**

UPON CONSIDERATION of Defendant Brooks Range Contract Services, Inc.'s

("BRCS" or "Defendant") Motion to Quash Subpoenas, and any opposition thereto, it is hereby

ORDERED that Defendant's Motion is GRANTED; and it is further

ORDERED that subpoenas issued by Plaintiffs and attached as Exhibits A and B to

Defendant's Motion are hereby QUASHED.

IT IS SO ORDERED.

Entered this _____ day of _____ 200__.


_____

United States District Court Judge

WE ASK FOR THIS:


By _____/s/_____
Karen A. Doner (#458626)
Thomas J. McKee, Jr. (#492482)
WILLIAMS MULLEN, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia   22102
(703) 760-5238
(703) 748-0244 (fax)
Counsel for Defendant


SEEN & _____ TO:


By _____
Timothy P. Leahy, Esq.
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
Counsel for Plaintiffs
1543725v1