IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and <br> DONALD KRAKAT, <br><br> Plaintiffs <br><br> v. <br><br> BROOKS RANGE CONTRACT SERVICES, INC., <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 1:07-cv-00693-RCL <br> ) <br> ) <br> ) <br> ) |

*************************************************************************

**REPLY IN OPPOSITION TO MOTION TO QUASH SUBPOENAS**

**NOW COME** the Plaintiffs Robert Krakat and Donald Krakat, by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure hereby file this Reply in Opposition to Motion to Quash Subpoenas:

**A.    The subpoenas are reasonably calculated to lead to admissible evidence**

It is ironic that Defendant, who subpoenaed the prior employment records of the Plaintiffs, see **Exhibit A**, now makes the argument that a request for the prior employment records of Kevin Heffern are not reasonably calculated to lead to the discovery of admissible evidence. Defendants have also requested the contact information for Plaintiff's other previous employers, see **Exhibit B**, and it is a fair inference that Defendants want the information so that they can contact that employer, by subpoena or otherwise, for information. As indicated by the Complaint and Defendant's Motion to Quash, Kevin Heffern, his credibility, and his alleged fraudulent activity in the course of his employment with the Defendant are issues in the case.

Requesting employment records are not "a fishing expedition" but reasonably calculated to lead to the discovery of admissible evidence. Employment records typically

contain information including the reasons for hiring, promotion, demotion, termination, and the identity of individuals with personal knowledge of an individual. A request for this information is reasonably calculated to lead to information that Mr. Heffern had previously engaged in activity which might reflect on his credibility or establish a pattern of fraudulent activity. This is especially true in Mr. Heffen's case as the Plaintiffs are currently aware of at least two employment disputes involving Mr. Heffern that progressed to the litigation stage, involving Rigel, Inc. and also D.H. Kim.

The suit involving Rigel, Inc. was, as alleged by defense counsel, "by Heffern for unpaid wages which was apparently settled and dismissed, . ." The word "apparently" is always troubling when a party is entitled to establish facts. The fact that wages were allegedly not paid, a dispute allegedly arose, and a settlement allegedly occurs, gives rise to a reasonable inference that Rigel, Inc., or D.H. Kim, had claims against Mr. Heffern. Plaintiffs are entitled to explore those claims which may lead to the discovery of admissible evidence.

B.     **Defendant lacks standing to object to the subpoenas**

This Circuit has stated that " 'To be clear, the Court notes that a party generally has no standing to file a motion to **quash** a **subpoena** issued to a third-party based upon Rule 45(c). *See Windsor v. Martindale,* 175 F.R.D. 665, 668 (D. Colo. 1997) **[*11]** ("The general rule is that a party has no standing to **quash** a **subpoena** served upon a third party, except as to claims of privilege relating to the documents being sought. . . . Absent a specific showing of a privilege or privacy, a court cannot **quash** a **subpoena** duces tecum.")' [Emphasis Original]. *Joiner v. Choicepoint Servs.*, 2006 U.S. Dist. LEXIS 70239, at 10 - 11.

As Defendant has no standing to object to the subpoenaed documents, its Motion to Quash should be denied.

Respectfully Submitted:

BYRD & BYRD, LLC

/s/

_____
Timothy P. Leahy, D.C. Bar No. 472964
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
(301) 464-7448
(301) 805-5178 – Fax
Tleahy@byrdandbyrd.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this ___ day of December, 2007, a copy of the foregoing was mailed first class, postage pre-paid to:

Karen A. Doner (Bar No. 458626)
Thomas J. McKee, Jr. (Bar No. 492482)
Williams Mullen, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102
703-760-5200 (phone)
703-748-0244 (fax)

/s/

_____
Timothy P. Leahy, Bar No. 15084

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and )<br>DONALD KRAKAT, )<br>)<br>    Plaintiffs )<br>)<br>v. )<br>)<br>BROOKS RANGE CONTRACT SERVICES, INC., )<br>)<br>    Defendant ) | Case No: 1:07-cv-00693-RCL |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER DENYING MOTION TO QUASH SUBPOENAS

Having considered the Defendant's Motion to Quash and the Plaintiff's Reply in Opposition thereto, the Motion Defendant's Motion to Quash Subpoenas is **DENIED**.

    cc:    Timothy P. Leahy, Bar No. 15084
            Byrd & Byrd, LLC
            14300 Gallant Fox Lane, Suite 120
            Bowie, Maryland 20715

            Karen A. Doner
            Thomas J. McKee, Jr.
            Williams Mullen, P.C.
            8270 Greensboro Drive, Suite 700
            McLean, Virginia 22102

END OF ORDER

Issued by the
# UNITED STATES DISTRICT COURT
Middle District of Florida

ROBERT KRAKAT and DONALD KRAKAT,
  Plaintiffs,
v.

BROOKS RANGE CONTRACT SERVICES, INC.,

  Defendant.

**SUBPOENA IN A CIVIL CASE**
CASE NUMBER: 1:07-cv-00693-RCL
(Pending: US District Court for the District of Columbia)

TO:   Custodian of Documents/Records, J.H.T., Inc.
      c/o Deborah Hall, Director of Human Resources
      13501 Ingenuity Drive, Suite 300
      Orlando, FL 32826
      (407) 581-3408 (fax)

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHMENT A**

| PLACE | DATE AND TIME |
|---|---|
| Karen A. Doner<br>Williams Mullen, P.C.<br>8270 Greensboro Drive, Suite 700<br>McLean, Virginia 22102 | November 20, 2007<br>5:00 p.m. |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]  (Attorney for Defendant) | November 6, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:
Karen A. Doner. (DC Bar 458626)
Williams Mullen, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                 DATE                        SIGNATURE OF SERVER

                                             _____
                                             ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where the person resides,

is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to corresponding with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

1334711v13

## CERTIFICATE OF SERVICE

I hereby certify that on this _16th_ day of November, 2007, I caused a copy of the foregoing subpoena and attachment to be sent via first class mail, postage prepaid, to:

> Timothy P. Leahy
> 14300 Gallant Fox Lane, Suite 120
> Bowie, Maryland 20715
> Counsel for Plaintiffs

_____
Karen A. Doner

ATTACHMENT A

Any and all records, documents and things concerning Donald Krakat (SSN 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) and Robert Krakat (SSN 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).

"Documents" includes, but is not limited to, the personnel file, employment records, application for employment, jobs and positions for which above-listed individual applied and worked, references, notations, evaluations, job description/duties/responsibilities, interview notes, notes of conversations with former employers or references, notes or memorandums regarding conversations about or concerning the above-listed individual, benefit packages/summaries, tape recordings of any kind be it audio or visual, correspondence contracts, calendars, and all other recordations be it audio or electronic mail ("e-mail") transmissions and chains, as well as any other data and information, whether or not set forth above, without exception and omitting nothing from the records kept on the named individual.

The request also encompasses any and all internal or external charges or complaints filed by the above-listed individual, or filed against the above-listed individual, and/or any state or federal agency and any discipline and any penalties as a result.

THIS SUBPOENA DOES NOT REQUIRE YOUR ATTENDANCE. SIMPLY PRODUCE COPIES OF THE REQUESTED DOCUMENTS DIRECTLY TO THE ATTORNEY AT ADDRESS ON THE SUBPOENA ON OR BEFORE NOVEMBER 20, 2007.

Donald Krakat's prior employers
Case 1:07-cv-00693-RCL    Document 28-3    Filed 12/28/2007    Page 1 of 1
Page 1 of 1

# Timothy Leahy

| | |
|---|---|
| **From:** | Doner, Karen [kdoner@williamsmullen.com] |
| **Sent:** | Tuesday, December 18, 2007 2:11 PM |
| **To:** | tleahy@byrdandbyrd.com |
| **Subject:** | Donald Krakat's prior employers |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |

I don't think that I ever received from you contact information for C&B Electric and/or PNM. Please provide this information as soon as possible. Thanks


Karen A. Doner, Esq.
Williams Mullen
A Professional Corporation
8270 Greensboro Drive
Suite 700
McLean, VA  22102
(703) 760-5238
(703) 748-0244 (Fax)
kdoner@williamsmullen.com

NOTICE: Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality. If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

12/28/2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT KRAKAT** and <br> **DONALD KRAKAT,** <br><br> **Plaintiffs** <br><br> v. <br><br> **BROOKS RANGE CONTRACT SERVICES, INC.,** <br><br> **Defendant** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 1:07-cv-00693-RCL <br> ) <br> ) <br> ) <br> ) |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**ORDER DENYING MOTION TO QUASH SUBPOENAS**</u>

Having considered the Defendant's Motion to Quash and the Plaintiff's Reply in Opposition thereto, the Motion Defendant's Motion to Quash Subpoenas is **DENIED**.

cc:   Timothy P. Leahy, Bar No. 15084
      Byrd & Byrd, LLC
      14300 Gallant Fox Lane, Suite 120
      Bowie, Maryland  20715

      Karen A. Doner
      Thomas J. McKee, Jr.
      Williams Mullen, P.C.
      8270 Greensboro Drive, Suite 700
      McLean, Virginia 22102

END OF ORDER