IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and <br> DONALD KRAKAT, <br> <br> Plaintiffs, <br> <br> v. <br> <br> BROOKS RANGE CONTRACT SERVICES, INC., <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 1:07-cv-00693-RCL <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S REPLY
IN SUPPORT OF ITS MOTION TO QUASH SUBPOENAS**

COMES NOW Defendant Brooks Range Contract Services, Inc. ("BRCS" or "Defendant"), by counsel, and states the following for its Reply in Support of its Motion to Quash Subpoenas.

### A.   The Requested Information is Not Relevant to Plaintiffs' Claims

Plaintiffs' Complaint alleges that Plaintiffs were terminated for refusing to participate in alleged fraudulent activity undertaken by the Defendant and for reporting the alleged activity. Consequently, Plaintiffs' employment record and history are directly at issue in this case as it offers insight to their characteristics and patterns as employees. What is not at issue, however, is a BRCS supervisor's employment history. Specifically, their recovery in this case is not based upon whether Mr. Heffern has engaged in fraudulent activity similar to that alleged, either now or twenty years ago. Plaintiffs' Opposition to Defendant's Motion to Quash ("Opposition") fails to adequately rebut this point and fails to offer any insight as to the relevance of Kevin Heffern's prior employment records.

Mr. Heffern is not a party to this suit and his employment records have absolutely no bearing on whether Plaintiffs were retaliated against by BRCS. Plaintiffs do not attempt to make such a link in their Opposition because no such link exists. They instead assert that Mr. Heffern's employment records may reveal, for example, the "identify of individuals with personal knowledge of an individual." (Opposition p. 2). But it is hard to comprehend the relevance of a person who knew Mr. Heffern at a job he held 20 years ago. Even if a pattern of similar fraudulent activity was found, which Mr. Heffern adamantly denies, that would not impact the question of whether BRCS retaliated against Plaintiffs.

Plaintiffs' Opposition also fails to make the case for issuing subpoenas relating to Mr. Heffern's prior litigation with Rigel, Inc. and D.H. Kim. Again, Mr. Heffern's prior employment history and conduct is not at issue in this case. Plaintiffs' expressed desire to establish absolutely that Mr. Heffern settled a suit with Rigel, Inc., for example, has no relevance to the question of whether BRCS retaliated against Plaintiffs. Plaintiffs have offered no explanation for a belief that such records will demonstrate a "pattern of fraudulent activity," and instead is simply fishing for any information he can find. Specifically, Plaintiffs only allege in their Opposition that there is a reasonable inference that Rigel, Inc. and D.H. Kim had claims against Mr. Heffern, and that exploration of those claims <u>may</u> lead to the discovery of admissible evidence. This is not a permissible use of discovery. <u>See</u> <u>Macintosh v. Bldg. and Manager Ass'n Int'l</u>, 231 F.R.D. 106, 108-09 (D.D.C. 2005) (stating that a litigant is not entitled to a an entire personnel file because of the possibility that there is something in it that may prove his case); <u>see also</u> <u>Waters v. United States Capitol Police Bd.</u>, 216 F.R.D. 153, 164 (D.D.C. 2003) (stating that a plaintiff was not entitled to discovery employees' entire personnel file, resulting in the court limiting discovery to information in the files about prior bad acts indicating discriminatory intent).

**B.    Defendant has Standing to Quash the Subpoena**

As noted by Plaintiffs, a party may lack standing to quash a subpoena served upon a third party, unless that party asserts a privilege, proprietary interest, or personal right to the information.  See Washington v. Thurgood Marshall Academy, 230 F.R.D. 18, 22 (D.D.C. 2005) (hereinafter, Thurgood I).  Plaintiffs ignore the fact, however, that BRCS has such interest in its supervisor's private information.

In Washington v. Thurgood, 232 F.R.D. 6, 12 (D.D.C. 2005) (hereinafter, Thurgood II), the Court noted that an "employee's personal file contains private and sensitive information." Id. (referencing Macintosh v. Bldg. and Manager Ass'n Int'l, *supra*); see also Waters v. United States Capitol Police Bd., *supra*.  Such principles are demonstrated in Johnson v. Guard Marks Security, 2007 WL 1023309 (N.D. Ohio 2007) (slip copy), which held that a party had standing to file a motion to quash a third party subpoena that requested his personnel file from a former employer.  Employing the same principles expressed in Washington, Macintosh, and Waters, the Ohio court stated that the party had a personal right or privilege in the files because they could have contained sensitive and private information.

By Plaintiffs' own admission, the employment records they seek could contain information regarding the reasons for hiring, promotion, demotion, and termination.  (See Opposition p. 2.).  Such information is sensitive and private information personal to Mr. Heffern, a supervisor with BRCS.  BRCS has a direct interest in preserving the privacy of one of its supervisors, as the disclosure of inappropriate information could impact Mr. Heffern's ability to perform his job and impact the operations of BRCS.

In the alternative, if this Court finds that Defendant lacks standing to file this motion, then Defendant respectfully requests that this Court treat its motion as one for a protective order

under Rule 26(c) because it seeks information beyond the permissible scope of discovery. <u>See</u> <u>Thurgood II</u>, *supra*.

      WHEREFORE Defendant respectfully requests this Court enter an Order quashing the subpoenas attached as Exhibits A and B to Defendant's Motion to Quash, and for such other relief as this Court deems appropriate.

Respectfully submitted,


           /s/
Karen A. Doner (#458626)
Thomas J. McKee, Jr. (#492482)
WILLIAMS MULLEN, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia  22102
(703) 760-5238
(703) 748-0244 (fax)
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of January, 2008, a copy of the foregoing document was served via e-filing, to:

> Timothy P. Leahy, Esq.
> 14300 Gallant Fox Lane, Suite 120
> Bowie, Maryland 20715
> *Counsel for Plaintiffs*

_____/s/_____
Karen A. Doner

1548299v1