IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and <br> DONALD KRAKAT, <br><br> Plaintiffs, <br><br> v. <br><br> BROOKS RANGE CONTRACT SERVICES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 1:07-cv-00693-RCL <br> ) <br> ) <br> ) <br> ) |

### DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO RENEWED MOTION FOR SANCTIONS

Defendant Brooks Range Contract Services, Inc. ("Defendant" or "BRCS"), by counsel, hereby submits its Reply to Plaintiffs' Opposition to Defendant's Renewed Motion for Sanctions, and states as follows:

1.	The first basis for Plaintiffs' opposing Defendant's Renewed Motion for Sanctions is that paragraph 6 of James Cavanagh's Affidavit falsely stated that Mr. Cavanagh *knew* Robert Krakat had stolen televisions from the Armed Forces Retirement Home. Plaintiffs, however, simply miss the point. Notwithstanding the fact that Mr. Cavanagh did not actually see Mr. Krakat steal a television, which for purposes of this Motion the Defendant will concede, he did in fact make that statement to Mr. Krakat. See Exhibit 1 to the Renewed Motion at p. 31-33, 50-51. Therefore, the Affidavit accurately states that Mr. Cavanagh *told* Mr. Krakat that he knew he had stolen items from the AFRH, including televisions. The issue is not what Mr. Cavanagh knew, but rather what he told Mr. Krakat. In any event, arguably Mr. Cavanagh did "know" that Mr. Krakat had stolen televisions because he had heard that Mr. Krakat had done so. Id. at p. 33.

2.	The second basis for Plaintiffs' opposing Defendant's Renewed Motion for Sanctions is that Mr. Cavanagh's concern for the safety of his family was somehow unjustified.

Plaintiffs incorrectly contend that Mr. Cavanagh's concern for the safety of his family was "limited to the fact that his daughter once answered the telephone, when Robert Krakat attempted to reach him, and he didn't want anyone calling his house or speaking to anyone in his family." See Opposition at p. 3. Here again, Plaintiffs have distorted Mr. Cavanagh's testimony, which was as follows in pertinent part:

> Q   And your concern for the safety of your children –
>
> A   Of course.
>
> Q   -- stemmed from the telephone calls, but not from anything else?
>
> A   Well then, I can't say, you know, I can't say yes or no on that. I can say, I was concerned from when they were calling my house. <u>I didn't want nobody to come over to my house when I'm not home.</u>

See Exhibit 1 to the Renewed Motion at p. 58 (emphasis added).

Paragraph 3 of Mr. Cavanagh's Declaration states "I am concerned for the safety of my family and I want him to stop contacting me." As set forth above, Mr. Cavanagh did not testify that the sole source of his concern was the telephone call with Mr. Cavanagh's daughter. He specifically referred to his concern that Mr. Krakat might come to his house when he was not home. Mr. Cavanagh's concern for his safety is not even relevant to the issue of sanctions; however, Mr. Cavanagh's concern has not been questioned and the statements in his Affidavit and Declaration, which refer to the harassing manner of Mr. Krakat's telephone calls, should be considered in their entirety on this issue.

3.    Mr. Krakat's self-serving denial that he used foul language with Mr. Cavanagh. Mr. Cavanagh has testified in his Declaration and at his deposition as to the profanity used by Mr. Krakat during the telephone call. Mr. Cavanagh is not a party to this litigation and has no

interest in the outcome of the litigation, let alone the outcome of Defendant's Renewed Motion. He simply has no reason to lie.

Respectfully submitted,

_____/s/_____
Karen A. Doner (#458626)
Thomas J. McKee, Jr. (#492482)
WILLIAMS MULLEN, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102
(703) 760-5238
(703) 748-0244 (fax)
Counsel for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of March 2008, a true copy of the foregoing document was sent via electronic filing, to:

Timothy P. Leahy, Esq.
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
Counsel for Plaintiffs

_____/s/_____
Karen A. Doner

1568550v2

3