IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and <br> DONALD KRAKAT, <br><br> Plaintiffs, <br><br> v. <br><br> BROOKS RANGE CONTRACT SERVICES, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 1:07-cv-00693-RCL <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE AND OPPOSITION TO MOTION TO
RECONSIDER ORDER OF DECEMBER 17, 2007**

Defendant Brooks Range Contract Services, Inc. ("Defendant" or "BRCS"), by counsel, hereby submits its Opposition to Plaintiffs' Motion to Vacate and Motion to Reconsider Order of December 17, 2007, and states as follows:

1. Plaintiffs have moved to Vacate and for Reconsideration of the Court's December 17, 2007 Order[1] granting Defendant's Motion for Protective Order (mistakenly referred to in Plaintiffs' Motion to Reconsider as Defendant's Motion for Sanctions). Plaintiffs contend that there are no grounds to impose "sanctions" on Donald Krakat and that Plaintiffs will be prejudiced in pursuing their case.[2]

2. With respect to Donald Krakat, Defendant's initial Motion for Protective Order and for Sanctions noted that he had previously threatened to kill Kevin Heffern's dogs (as testified to by Mr. Heffern), and this fact was argued at the December 17, 2007 hearing. This fact alone is sufficient reason to have entered a Protective Order against Donald Krakat.

---

[1] Plaintiffs' filed a Motion to Reconsider as part of their Opposition to the Renewed Motion for Sanctions and also filed a separate Motion to Vacate, both of which appear to make the exact same arguments.
[2] To the extent Plaintiffs contend that the December 17, 2007 Order granting Defendant's Motion for Protective Order should be vacated because James Cavanagh's Affidavit is allegedly false, Defendant hereby incorporates the facts and arguments contained in Defendant's Reply to Opposition to Renewed Motion for Sanctions as if set forth fully herein.

Contrary to Plaintiffs' assertion, no sanctions were imposed against Donald Krakat and Defendant is not seeking any sanctions against Donald Krakat at this time.

3. Plaintiffs contend that they are prejudiced by being enjoined from talking with any potential witnesses. However, the Order does not prohibit them from doing so; it merely requires that any communications with witnesses be done in the presence of their counsel. Thus, Plaintiffs' concern is misplaced.

4. To the extent that Plaintiffs are prejudiced, it is a result of their own improper conduct. Robert Krakat in particular continued to contact Mr. Cavanagh even after Defendant's counsel contacted Plaintiffs' counsel and the Motion for Protective Order and for Sanctions had been filed with the Court. The Protective Order is thus justified and appropriate to protect third party witnesses, including Mr. Cavanagh, from attempted intimidation.

5. Based upon the above, Defendant respectfully requests that this Court deny Plaintiffs' Motion to Vacate and Motion to Reconsider in their entirety, and for such other relief that this Court deems fit and proper.

Respectfully submitted,

_____/s/_____
Karen A. Doner (#458626)
Thomas J. McKee, Jr. (#492482)
WILLIAMS MULLEN, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia  22102
(703) 760-5238
(703) 748-0244 (fax)
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March 2008, a true copy of the foregoing document was sent via electronic filing, to:

> Timothy P. Leahy, Esq.
> 14300 Gallant Fox Lane, Suite 120
> Bowie, Maryland 20715
> Counsel for Plaintiffs

_____/s/_____
Karen A. Doner

1568550v3