**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT KRAKAT and** | ) |
| **DONALD KRAKAT,** | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| **v.** | ) **Case No: 1:07-cv-00693-RCL** |
| | ) |
| **BROOKS RANGE CONTRACT SERVICES, INC.,** | ) |
| | ) |
| **Defendant** | ) |
| | ) |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>MOTION TO COMPEL</u>

**NOW COME** the Plaintiffs Robert Krakat and Donald Krakat, by and through their undersigned counsel, and pursuant to the Federal Rules of Civil Procedure hereby file this Motion to Compel against Defendant Brooks Range Contract Services, Inc.:

Plaintiffs filed document requests to which Defendant responded. During the February 29, 2008 deposition of the Defendant's corporate designee relevant documents were identified by the corporate designee. Plaintiffs asked that those documents be produced based on existing discovery requests or the document request contained in the Notice of Deposition. Defendant declined to produce those documents, or state any potential objection to producing those documents, without an additional document request. See March 6, 2008 letter from Defendant's counsel attached as **Exhibit 1** hereto. On March 12, 2008 an additional document request was propounded on Defendant to which responses are due on or about April 14, 2008. Discovery has already been extended once and is scheduled to conclude May 2, 2008.

The documents identified at the deposition of the corporate designee should, pursuant to outstanding discovery requests or the Notice of Deposition, be immediately produced. For the reasons discussed below, Defendant's should be compelled to produce the below requested documents. See Defendant's Responses to Plaintiff's First and Third Requests for Production of Documents as **Exhibits 2 and 3 hereto**.

*****

**Request for Production of Documents No. 11:**     Please provide all daily reports, diaries, field memos, manpower reports, time-sheets, requests for information, photographs, and all other administrative project records prepared, received or maintained by the Defendant, its agents, consultants or employees related to any of the work referenced in the Compliant.

**Defendant's Response to Request No. 11:**

OBJECTION: Defendant objects to Request No. 11 to the extent it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 11 to the extent it seeks confidential information. Defendant further objects to the extent that Request No. 11 is vague and ambiguous; Defendant cannot decipher what "work" Plaintiff is referring to.

RESPONSE:  See Objection.

**Why Defendant's Response is insufficient:**     The request is not overly broad, vague, or ambiguous. The Complaint contains five paragraphs (Nos. 8-12) detailing work which was allegedly improperly billed as well as a sixth paragraph referencing allegedly fraudulent work by Defendant's employee Kevin Heffern, through Virginia Contracting Services, that Katie Farver, another employee, reported directly to the Defendant. The request is narrow and

reasonably calculated to lead to admissible evidence as the documents would tend to prove or disprove the complaint allegations.

Further, Defendant's corporate designee testified that Defendant never intended to retain the Krakats as employees and had only hired them because it lacked manpower and needed to hire more individuals or suitable replacements. The further testimony was that Defendant fired the Plaintiffs when it did, not because of the "whistle-blowing," but because Defendant had finally had the manpower or suitable replacements. The requested documents related to man-power are relevant to prove or disprove Defendant's assertion.

*****

**Request for Production of Documents No. 20:**    Copies of all financial statements relating to Defendant's revenue, income, expenses, and assets used, produced, or related to its contract with the Home.

**Defendant's Response to Request No. 20:**

> **OBJECTION:** Defendant objects to Request no. 20 to the extent that it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

> **RESPONSE:** See Objection.

**Why Defendant's Response is insufficient:**    Defendant says that the Plaintiffs were fired for cause and not for "whistle- blowing" regarding billing the government for allegedly fraudulent contracting services. Plaintiffs allege that they went to the government to inform the government that it was being over-billed by the Defendant. The financial records indicating what money that Defendant made, or should have made, are relevant to the issues of whether

fraudulent billing took place, whether Defendant received a portion of that money, or had other financial incentive to fire the "whistle-blowing" Plaintiffs. The request is not overly broad or unduly burdensome as it requests "financial statements" not the documents that might support those financial statements.

*****

**Request for Production of Documents No. 23:**    Any and all documents related to employee handbooks, or policies and procedures for employment with Brooks Range.

**Defendant's Response to Request No. 23:**  See attached documents.

**Defendant's Further Response to Request No. 23:**    From the March 6, 2008 letter from Defendant's counsel, see **Exhibit 1 attached hereto**, indicating that the policies & procedures which prescribed the disciplinary forms which were used by employees at the AFRH would not be produced.

- Policy & procedures effective prior to 2004 (paper and/or computer disk) – Mr. Heffern and Mr. Anastasi testified to the use of the forms, which you already have.  I do not recall any testimony about the use of policies other than the forms.  If you can point me to any such testimony, I would reconsider my position.

**Why Defendant's Response is insufficient:**    A factual dispute exists as to whether there were any written policies & procedures effective at the time that the Krakat's were employed. Robert & Donald Krakat, Katie Farver, and Defendant's current Project Manager Kevin Heffern all testified in their depositions that disciplinary forms required by the Defendant's policies and procedures were used when any employee was counseled. These forms had space for the employee to comment and sign the disciplinary form. Defendant acknowledges that theses policies & procedures were being used, at least with respect to the disciplinary forms,

but testified that these employees were *mistakenly* following policies & procedures that had been effective prior to 2004. Defendant testified that after 2004 it didn't have written policies & procedures.

Production of the policies is relevant as this is a wrongful termination case. Defendant says that the Plaintiff's were fired for cause and not for "whistle-blowing" regarding billing the government for allegedly fraudulent contracting services. Although Defendant maintains that the Plaintiffs were fired for cause, it has failed to produce any documentation of counseling of the Plaintiff's on standard forms. Instead it has produced handwritten notes of the corporate designee which purports to be a log of disciplinary sessions. Plaintiff have denied that the discipline referenced on the handwritten log ever occurred.

Production of the written policies & procedures that were actually being used by the employees at the AFRH location, whether those policies were supposed to be used, is relevant to the issue of what documentation should exist for any discipline of any employee. Consequently it is likely to lead to the discovery of admissible evidence and should be compelled.

*****

**Request for Production of Documents No. 31:**    Any and all documents relating to or compromising the personnel files of:

      a.     James Cavanagh

      b.     James Bernard

**Defendant's Response to Request No. 31:**

**OBJECTION:** Defendant objects to Request no. 31 to the extent that it is overly broad and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 31 to the extent that it seeks confidential information.

**RESPONSE:** See Objection.

**Request for Production of Documents No. 32:**    Any and all documents relating to any counseling or disciplinary actions taken against:

a.    James Cavanagh

b.    James Bernard

**Defendant's Response to Request No. 32:**

**OBJECTION:** Defendant objects to Request no. 32 to the extent that it is overly broad and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 31[sic] to the extent that it seeks confidential information.

**RESPONSE:** See Objection.

**Request for Production of Documents No. 33:**    Any and all documents relating to the job performance of:

a.    James Cavanagh

b.    James Bernard

**Defendant's Response to Request No. 33:**

**OBJECTION:** Defendant objects to Request no. 33 to the extent that it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 33 to the extent that it seeks confidential information.

**RESPONSE:** See Objection.

**Defendant's further Response to Request No. 33:** "5.    James Cavanagh and James Bernard's personnel files - again, I don't see the relevance and we are going to stand on our objection to not produce these records." See email chain from February 1 to March 5, 2008 as **Exhibit 4** hereto.

**Why Defendant's Response to Request nos. 31, 32, and 33 are insufficient:**    James Cavanagh and James Bernard are individuals that Defendant indicates have told them that either or both of the Krakats may have been involved in theft. This Court is aware that James Cavanagh submitted an affidavit which contained false or deliberately misleading theft allegations. See Plaintiffs Motion to Vacate Order of December 17, 2008. Despite the inaccuracy of the Affidavit, Defendant defended Cavanagh in its response by declaring he has "no reason to lie." Subsequent to Cavanagh's deposition, Plaintiff learned, on information and belief, that Cavanagh, or his company, was a sub-contracting vendor to the Defendant. This relationship was not disclosed by Cavanagh in his deposition or by the Defendant at any time. Legitimate questions are raised whether Cavanagh was engaged in the same allegedly fraudulent billing of the government as Defendant's Project manager and fiancée. Regardless, Cavanagh's financial relationship with the Defendant could provide the reason he submitted the false affidavit. Similarly with James Bernard. The requested documents may contain information, including financial relationships, which may be relevant to the witnesses' credibility or biases. Consequently, the requests are reasonably calculated to lead to the discovery of admissible evidence.

*****

At the Defendant's corporate designee deposition, the Defendant testified that it never intended to retain the Krakats as employees and had only hired them because it lacked manpower and needed to hire more individuals or suitable replacements. Defendant further testified that it fired the Plaintiffs when it did, not because of the "whistle-blowing," but because it finally had the manpower or suitable replacements. Defendant further testified that it advertised for additional manpower or suitable replacements.

Despite request that Defendant produce documents related to the advertisement for hiring and the individuals hired and fired leaving Defendant with enough manpower or suitable replacements, Defendant has declined to produce the documents based on the document request contained in the Notice of Deposition for Defendant's corporate designee. See Notice of Deposition attached as **Exhibit 5 hereto**. Defendant has taken the position that the document request therein was overly broad. Defendant did not object to the document request until after the additional documents were requested. Defendant has taken the further position that it will not produce the requested documents, or enunciate any objection to those requested documents, without an additional document request. See March 6, 2008 letter from Defendant's counsel attached as **Exhibit 1** hereto:

- Documents related to advertisement to hire new employees|for the Krakats' positions – will not produce unless you issue a formal document request, subject to any objections Defendant may have; these documents were not previously requested in discovery.
- Documents indicating the hiring and firing of all individuals at AFRH location from 2005 through March 2006 – will not produce unless you issue a formal document request, subject to any objections Defendant may have; these documents were not previously requested in discovery.

As noted above, Plaintiff has filed an additional document request in the event that this Court declines to order those documents be produced based on this Motion. However, the

extended discovery deadline is May 2, 2008 and a response to a formal request for documents is not due until April 14, 2008 – just weeks before the May 2, 2008 discovery deadline. In the interest of expedient discovery, and avoiding the potential need to move the Court a second time for additional discovery time, this Court should compel that the requested documents be produced based on previous discovery requests and the Notice of Deposition.

WHEREFORE, Plaintiffs Robert Krakat and Donald Krakat, by and through their undersigned counsel, request that this Honorable Court enter an Order compelling the production of the requested documents.

Respectfully Submitted:

BYRD & BYRD, LLC

/s/

_____
Timothy P. Leahy, D.C. Bar No. 472964
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
(301) 464-7448
(301) 805-5178 – Fax
Tleahy@byrdandbyrd.com
*Attorney for Plaintiffs*

## CERTIFICATE OF GOOD FAITH EFFORTS

I HEREBY CERTIFY that good faith efforts were made to resolve this discovery dispute including:

1.    Telephone communications and emails on or about February 1, 2008;
2.    Email communications on or about March 5, 2008 and March 6, 2008;
3.    Filing of additional formal document requests on March 12, 2008;
4.    Telephone communications on March 17, 2008 and March 18, 2008;

/s/

_____
Timothy P. Leahy, D.C. Bar No. 472964

9

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of March, 2008, a copy of the foregoing was mailed first class, postage pre-paid to:

Karen A. Doner (Bar No. 458626)
Thomas J. McKee, Jr. (Bar No. 492482)
Williams Mullen, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102
703-760-5200 (phone)
703-748-0244 (fax)

/s/
_____
Timothy P. Leahy, Bar No. 15084

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT KRAKAT, ET. AL.** | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| **v.** | ) **Case No: 1:07-cv-00693-RCL** |
| | ) |
| **BROOKS RANGE CONTRACT SERVICES, INC.,** | ) |
| | ) |
| **Defendant** | ) |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**ORDER**</u>

Having considered the Plaintiffs' Motion to Compel and any opposition thereto, Plaintiffs' Motion to Compel is **GRANTED** and is further:

**ORDERED** that Defendant produce documents fully responsive to Plaintiffs' document requests nos. 11, 20, 23, 31, 32, and 33; and it is further

**ORDERED** that Defendant produce documents relating to any advertising by Defendant, from 2005 through March 2006, to hire individuals to work at the AFRH, including but not limited to any advertising specific to hiring replacement employees for Kevin Heffern or the Plaintiffs; and it is further

11

**ORDERED** that Defendant produce documents relating to any individuals hired or fired by Defendant, from 2005 through March 2006 and who worked at the AFRH; and it is further

**ORDERED** that Defendant produce documents the documents compelled by this Order within 10 days of the date of this Order.

cc:     Timothy P. Leahy, Bar No. 15084
        Byrd & Byrd, LLC
        14300 Gallant Fox Lane, Suite 120
        Bowie, Maryland  20715

        Karen A. Doner
        Thomas J. McKee, Jr.
        Williams Mullen, P.C.
        8270 Greensboro Drive, Suite 700
        McLean, Virginia 22102

END OF ORDER



## WILLIAMS MULLEN

Direct Dial: 703.760.5238
kdoner@williamsmullen.com

March 6, 2008

*Via Facsimile*

Timothy P. Leahy, Esq.
14300 Gallant Fox Lane, Suite 120
Bowie, MD 20715

Re:   **Robert Krakat**, *et al.* **v. Brooks Range Contract Services, Inc.**
      **Case No: 2007 CA 000725**

Dear Tim:

I am writing in response to your email from yesterday and in follow-up to my **March 5, 2008** letter regarding the additional documents requested in your March 4th letter. The Notice of Deposition for Mr. Anastasi did not list specific categories of documents and the description of designated areas of inquiry was overly broad. You subsequently provided a more detailed description of areas of inquiry but did not provide a detailed list of documents requested. Thus, I do not believe that the Notice of Deposition requested any specific documents. As I stated in my letter yesterday, I will not produce documents that were not previously requested in discovery. To be more clear, see my responses below, as well as responses to your March 5th email:

- Policy & procedures effective prior to 2004 (paper and/or computer disk) – Mr. Heffern and Mr. Anastasi testified to the use of the forms, which you already have. I do not recall any testimony about the use of policies other than the forms. If you can point me to any such testimony, I would reconsider my position.
- Documents related to advertisement to hire new employees for the Krakats' positions – will not produce unless you issue a formal document request, subject to any objections Defendant may have; these documents were not previously requested in discovery.
- Documents indicating the hiring and firing of all individuals at AFRH location from 2005 through March 2006 – will not produce unless you issue a formal document request, subject to any objections Defendant may have; these documents were not previously requested in discovery.

Sincerely,

Karen A. Doner

1495756v16

*A Professional Corporation*

NORTH CAROLINA • VIRGINIA • WASHINGTON, D.C. • LONDON
8270 Greensboro Drive, Suite 700  McLean, VA 22102  Tel: 703.760.5200  Fax: 703.748.0244
www.williamsmullen.com



# WILLIAMS MULLEN

## Fax Cover Sheet

| | |
|---|---|
| **DATE:** | March 6, 2008 |
| **TO:** | Timothy P. Leahy |
| **FAX #:** | (301) 805-5178 |
| **FROM:** | Karen A. Doner |
| **DIRECT DIAL #:** | 703-760-5238 |
| **NUMBER OF PAGES**<br>(including coversheet): | 2 |

**MESSAGE:**  Please see attached letter.

**IMPORTANT NOTICE: This facsimile transmission is intended to be delivered only to the named addressee, and may contain material that is confidential, proprietary or subject to legal protection or privilege. If it is received by anyone other than the named addressee, the recipient should immediately notify the sender at the address and telephone numbers set forth herein and obtain instructions as to the disposal of the transmitted material. In no event should such material be read or retained by anyone other than the named addressee, except by express authority of the sender or the named addressee.**

| Atty. # or User ID:<br>1002 | Client/Matter #:<br>016917.0079 | | Recipient's Telephone #: |
|---|---|---|---|
| Requested By:<br>Yvonne | Extension:<br>1264 | Floor:<br>NOVA | Fax Operator: |

*A Professional Corporation*

NORTH CAROLINA • VIRGINIA • WASHINGTON, D.C. • LONDON
8270 Greensboro Drive, Suite 700  McLean, VA 22102  Tel: 703.760.5200  Fax: 703.748.0244
www.williamsmullen.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT KRAKAT and<br>DONALD KRAKAT, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No: 1:07-cv-00693-RCL |
| | ) | |
| BROOKS RANGE CONTRACT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Brooks Range Contract Services, Inc. ("BRCS" or "Defendant"), by counsel, hereby responds to Plaintiffs' Robert Krakat and Donald Krakat (collectively "Plaintiffs") Request for Production of Documents, and states as follows:

### GENERAL OBJECTIONS

Defendant expressly incorporates herein its General Objections set forth in Defendant's Answers to Plaintiffs' First Set of Interrogatories as if set forth fully herein.

### DOCUMENT REQUESTS

1.　Any and all documents that support or relate to your answers to Interrogatories.

RESPONSE:　See attached documents.

2.　Any and all documents that support or relate to your Rule 26 initial disclosures.

RESPONSE:　See attached documents.

3.　Any and all documents relating to or compromising the personnel files of:

a.　Plaintiffs

b.　Katie Farver

    c.     Thomas Starr

    d.     Bryon Claire

    e.     Kevin Heffern

    f.     Howard Anastasia

OBJECTION: Defendant objects to Request No. 3 to the extent it is overly broad and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 3 to the extent it seeks confidential information.

RESPONSE: Subject to and without waiving its Objection, see attached responsive documents which are being produced subject to the Protective Order. Defendant stands on its Objection as to Howard Anastasi's personnel file.

    4.     Any and all documents relating to any counseling or disciplinary actions taken against:

    a.     Plaintiffs

    b.     Katie Farver

    c.     Thomas Starr

    d.     Bryon Claire

    e.     Kevin Heffern

    f.     Howard Anastasia

OBJECTION: Defendant objects to Request No. 4 to the extent it is overly broad and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 4 to the extent it seeks confidential information.

2

RESPONSE: Subject to and without waiving its Objection, see attached responsive documents which are being produced subject to the Protective Order. Defendant stands on its Objection as to Howard Anastasi.

5.    Any and all documents relating to the job performance of:

a.    Plaintiffs

b.    Katie Farver

c.    Thomas Starr

d.    Bryon Claire

e.    Kevin Heffern

f.    Howard Anastasia

OBJECTION: Defendant objects to Request No. 5 to the extent it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 3 to the extent it seeks confidential information.

RESPONSE: Subject to and without waiving its Objection, see attached responsive documents which are being produced subject to the Protective Order. Defendant stands on its Objection as to Howard Anastasi.

6.    Any and all documents relating to the work performed by you and referenced in the Complaint.

OBJECTION: Defendant objects to Request No. 6 to the extent it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 6 to the extent it seeks confidential information. Defendant further objects to the extent that Request No. 6 is vague and ambiguous; Defendant cannot decipher what "work performed" Plaintiff is referring to.

RESPONSE: Subject to and without waiving its Objection, see attached documents which are being produced subject to the Protective Order.

7.    Provide copies of all letters of warning, suspension, or termination issued by you to:

a.    Plaintiffs

b.    Katie Farver

c.    Thomas Starr

d.    Bryon Claire

e.    Kevin Heffern

f.    Howard Anastasia

OBJECTION: Defendant objects to Request No. 7 to the extent it is overly broad and is not calculated to lead to the discovery of admissible evidence.  Defendant further objects to Request No. 7 to the extent it seeks confidential information.

RESPONSE: Subject to and without waiving its Objection, see attached responsive documents which are being produced subject to the Protective Order.  Defendant stands on its Objection as to Howard Anastasi.

8.    Any and all documents relating to the Plaintiffs' allegations of incorrect, unlawful, or fraudulent billing or conduct by any individual associated with BRCS in connection with the contract between BRCS and the Home.

RESPONSE: See attached documents which are being produced subject to the Protective Order.

4

9.    Any and all documents relating to any investigation performed by you regarding Plaintiffs' allegations of incorrect, unlawful, or fraudulent billing or conduct by any individual associated with BRCS in connection with the contract between BRCS and the Home.

RESPONSE: See attached documents which are being produced subject to the Protective Order.

10.    All documents, including any notes, diaries, journals and/or correspondence (including emails) relating to any discussions, conversations or communications you have had with any anyone regarding Plaintiffs' allegations of incorrect, unlawful, or fraudulent billing or conduct by any individual associated with BRCS in connection with the contract between BRCS and the Home.

RESPONSE: See attached documents which are being produced subject to the Protective Order.

11.    Please provide all daily reports, diaries, field memos, manpower reports, time-sheets, requests for information, photographs, and all other administrative project records prepared, received or maintained by the Defendant, its agents, consultants or employees related to any of the work referenced in the Compliant.

OBJECTION: Defendant objects to Request No. 11 to the extent it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 11 to the extent it seeks confidential information. Defendant further objects to the extent that Request No. 11 is vague and ambiguous; Defendant cannot decipher what "work" Plaintiff is referring to.

RESPONSE: See Objection.

12.    All documents related to any communications you had with the Home, any of its agents, regarding alleged incorrect, unlawful, or fraudulent billing to the Home. Include in your answer the date, time, any witness thereto, as well as the substance of the communications and any actions taken by you in response to those communications.

OBJECTION:    Defendant objects to Request No. 12 to the extent it asks for information other than documents.

RESPONSE: Subject to and without waiving its Objection, see attached responsive documents which are being produced subject to the Protective Order.

13.    All documents related to your relationship with Virginia Contracting Services, including any contracts or communications between you.

RESPONSE: See attached documents which are being produced subject to the Protective Order.

14.    Any and all documents relating to any contract(s) you have or have had with the Home.

OBJECTION: Defendant objects to Request No. 14 to the extent it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 14 to the extent it seeks confidential information.

RESPONSE: Subject to and without waiving its Objection, see attached responsive documents which are being produced subject to the Protective Order.

15.    Any and all documents related to the evaluation, review, approval, or certification of your contract performance, including billings, by the Home.

OBJECTION: Defendant objects to Request No. 15 to the extent it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 15 to the extent it seeks confidential information.

RESPONSE: See Objection.

16.    Please provide all invoices and requisitions submitted to you to the Home, documents related to adjustments made to those invoices or requisitions, as well as documents evidencing payment for those invoices and requisitions.

OBJECTION: Defendant objects to Request No. 16 to the extent it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 16 to the extent it seeks confidential information.

RESPONSE: See Objection.

17.    Any and all documents provided to your expert witness(es) to assist the witness at arriving at his/her conclusions.

OBJECTION: Defendant objects to Request No. 17 to the extent it is inconsistent with the deadlines in the Court's Scheduling Order.

RESPONSE: Subject to and without waiving its Objection, Defendant has not yet retained any expert.

18.    Any and all documents or other written material that may be relied upon by any expert which you may call as a witness at the trial of this case.

OBJECTION: Defendant objects to Request No. 18 to the extent it is inconsistent with the deadlines in the Court's Scheduling Order.

RESPONSE: Subject to and without waiving its Objection, Defendant has not yet retained any expert.

7

19.    A copy of the current resume or curriculum vitae of any expert witness which you expect to call at the trial of this case.

OBJECTION: Defendant objects to Request No. 17 to the extent it is inconsistent with the deadlines in the Court's Scheduling Order.

RESPONSE: Subject to and without waiving its Objection, Defendant has not yet retained any expert.

20.    Copies of all financial statements relating to Defendants revenue, income, expenses, and assets used, produced, or related to its contract with the Home.

OBJECTION: Defendant objects to Request No. 20 to the extent it is overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

RESPONSE:  See Objection.

21.    Any and all documents indicating the policies and procedures that you have had for verifying, auditing, or accounting for the appropriateness of any billings sent to the Home for work performed by you, your agents, or contractors, for the Home.

RESPONSE:  Defendant is not aware of any such documents.

22.    Any and all documents indicating the company-wide policies and procedures that you have had for verifying, auditing, or accounting for the appropriateness of any billings sent to any customer for work performed by you, your agents, or contractors, for customers.

RESPONSE:  Defendant is not aware of any such documents.

23. Any and all documents related to employee handbooks, or policies and procedures for employment with Brooks Range.

RESPONSE:  See attached documents.

8

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2007, a copy of the foregoing document was served via federal express, to:

Timothy P. Leahy
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
*Counsel for Plaintiffs*


Karen A. Doner

1525063v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and<br>DONALD KRAKAT,<br><br>        Plaintiffs,<br><br>v.<br><br>BROOKS RANGE CONTRACT SERVICES, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No: 1:07-cv-00693-RCL<br>)<br>)<br>)<br>) |

## **DEFENDANT'S RESPONSES TO PLAINTIFFS'**
## **THIRD REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant Brooks Range Contract Services, Inc. ("BRCS" or "Defendant"), by counsel, hereby responds to Plaintiffs' Robert Krakat and Donald Krakat (collectively "Plaintiffs") Third Request for Production of Documents, and states as follows:

### **GENERAL OBJECTIONS**

Defendant expressly incorporates herein its General Objections set forth in Defendant's Answers to Plaintiffs' First Set of Interrogatories as if set forth fully herein.

### **DOCUMENT REQUESTS**

31.    Any and all documents relating to or compromising [*sic*] the personnel files of:

    a.    James Cavanagh

    b.    James Bernard

OBJECTION: Defendant objects to Request No. 31 to the extent it is overly broad and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 31 to the extent it seeks confidential information.

RESPONSE: See Objection.

32.    Any and all documents relating to any counseling or disciplinary actions taken

against:

a.    James Cavanagh

b.    James Bernard

OBJECTION: Defendant objects to Request No. 32 to the extent it is overly broad and is

not calculated to lead to the discovery of admissible evidence.  Defendant further objects to

Request No. 31 to the extent it seeks confidential information.

RESPONSE:  See Objection.

33.    Any and all documents relating to the job performance of:

a.    James Cavanagh

b.    James Bernard

OBJECTION: Defendant objects to Request No. 33 to the extent it is overly broad,

unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

Defendant further objects to Request No. 33 to the extent it seeks confidential information.

RESPONSE:  See Objection.

Respectfully submitted,

Karen A. Doner (#458626)
Thomas J. McKee, Jr. (#492482)
WILLIAMS MULLEN, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia  22102

2

(703) 760-5238
(703) 748-0244 (fax)
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January 2007, a copy of the foregoing document

was served via first-class mail postage prepaid, to:

Timothy P. Leahy, Esq.
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
*Counsel for Plaintiffs*


Karen A. Doner

1525063v4

3

## Timothy Leahy

| | |
|---|---|
| **From:** | Timothy Leahy [tleahy@byrdandbyrd.com] |
| **Sent:** | Wednesday, March 05, 2008 4:13 PM |
| **To:** | 'Doner, Karen' |
| **Subject:** | Discovery Issues |

Karen,

In follow up to our email exchange of February 1, 2008 and your letter of March 5, 2008, and in order to avoid a motion to compel, I'd request that BRCS reconsider its position on the below categories of documents. I would note that your email doesn't indicate that BRCS is taking the position that any of the current requests are not covered by previous requests. If BRCS is taking that position, please indicate with respect to which requested documents. I would note that the Notice of Deposition also requests a broad range of documents. Given that the documents requested are limited in number and discussed at Mr. Anastasi's deposition, I would appreciate BRCS producing them without the necessity and delay of further discovery requests. There has already been a considerable delay due to Mr. Anastasi's injury which precluded taking his originally scheduled deposition in December. We've already extended the discovery deadline once and a formal request puts documents due just a few weeks from that deadline.

a.      Policy & procedures effective prior to 2004 (paper and/or computer disk):

Mr. Heffern and Mr. Anastasi testified that AFRH was using some of the policies of 2004 – specifically the discipline policies – even though he testified that they were ineffective. Plaintiff is entitled to review policies and procedures which may have been used, however wrongly, by BRCS at AFRH, guiding everyone's expectations from employees.

b.      Documents related to advertisement to hire new employees for the Krakat's positions:

c.      Documents indicating the hiring and firing of all individuals at AFRH location from 2005 through March 2006:

Mr. Anastasi testified that he fired the Krakats because he finally had hired enough individuals to handle work performed by the Krakats. Documents which might tend to prove or disprove that assertion are relevant.

Please confirm that BRCS is willing to produce the requested documents and by what date BRCS anticipates producing those documents. I look forward to hearing from you by March 7, 2008 so that Plaintiff can timely file whatever requests or motions that may be necessary .

Tim

---

**From:** Doner, Karen [mailto:kdoner@williamsmullen.com]
**Sent:** Friday, February 01, 2008 3:12 PM
**To:** tleahy@byrdandbyrd.com
**Subject:** RE: Krakats v. Brooks Range

Based upon the reasons articulated in your email, we will not reconsider our positions.  With respect to the protective order, Ms. Farver testified that she reviewed Mr. Heffern's entire deposition transcript, portions of which were designated confidential (see the transcript for those designations).  I don't understand your point regarding Mr. Cavanagh - what portions of his Affidavits are false or misleading, and what impact does the protective order have on his Affidavits?  Please elaborate

**From:** Timothy Leahy [mailto:tleahy@byrdandbyrd.com]
**Sent:** Friday, February 01, 2008 2:57 PM
**To:** Doner, Karen
**Subject:** RE: Krakats v. Brooks Range

Karen,

1.      I look forward to receiving his notes as well as the documentation of other individuals related to Kevin Heffern's counseling and demotion.
2. & 3. The compensation of any individual or corporation may be relevant to why they made a decision to keep one individual on or not, regardless of alleged unethical behavior. Plaintiff is entitled to explore that motive. Please let me know if BRCS will reconsider.
4.      Anne Flynn's contact information is requested, inter alia, as part of the Second Request for Production of Documents on Defendant Brooks Range Contract Services, Inc. propounded December 7, 2007.
5.      Information in their files may be relevant to verify Heffern's testimony, for impeachment, or to show any motive to fabricate charges against the Plaintiffs. Please let me know if BRCS will reconsider.
6.      I'm surprised that BRCS is not willing to consent to a vacating of the protective order. There are clearly portions of Mr. Cavanaugh's affidavit which are false or deliberately misleading. Please let me know if BRCS will reconsider.

        Regarding Katie Farver, I am not aware of hew viewing any information which was confidential, whether in a deposition or not. If you can identify the information BRCS contends was confidential, let me know and we can discuss.

Regarding depositions, I am still holding February 28 and 29th. I haven't heard from Ms. Nappo regarding her, Rouse's and Wessels' availability but would like to work with those days.

Tim

---

**From:** Doner, Karen [mailto:kdoner@williamsmullen.com]
**Sent:** Friday, February 01, 2008 2:34 PM
**To:** tleahy@byrdandbyrd.com
**Subject:** Krakats v. Brooks Range

Tim, in response to your voicemail regarding outstanding discovery issues:

1.      Howard Anastasi's notes - the delay in getting the notes to you is a result of the fact that Mr. Anastasi has not been back to his office in many weeks due to his health condition and has been unable to obtain them. I have asked him to use his best efforts to obtain the notes so they can be produced prior to his deposition. I apologize for the delay in this regard.

2.      Mr. Anastasi's compensation - I don't see any relevance of his compensation. If you are able to articulate why this information is discoverable, I would be willing to reconsider my position.

3.      BRCS' compensation - I assume you are referring to the manner in which BRCS is paid by the government. Again, I don't see the relevance. If you are able to articulate why this information is discoverable, I would be willing to reconsider my position.

4.      Anne Flynn's contact information - where was this requested? We did not list her as a witness.

5.      James Cavanagh and James Bernard's personnel files - again, I don't see the relevance and we are going to stand on our objection to not produce these records.

3/18/2008

6.    Motion to Vacate the Protective Order - we will not consent to vacating the protective order.  If there is a particular provision you are concerned about, I would be willing to discuss it with you.  It appears that Plaintiffs have already violated the Protective Order by permitting Katie Farver to review confidential portions of at least one deposition transcript.  I will be addressing this matter with the Court.

With respect to Mr. Anastasi's deposition, he will be released to travel on February 18th or thereafter.  Please let me know your availability.  I am generally available the week of 2/18.


Karen A. Doner, Esq.
Williams Mullen
A Professional Corporation
8270 Greensboro Drive
Suite 700
McLean, VA  22102
(703) 760-5238
(703) 748-0244 (Fax)
kdoner@williamsmullen.com

NOTICE:  Information contained in this transmission to the named addressee is proprietary information and is subject to attorney-client privilege and work product confidentiality.  If the recipient of this transmission is not the named addressee, the recipient should immediately notify the sender and destroy the information transmitted without making any copy or distribution thereof.

3/18/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and<br>DONALD KRAKAT,<br><br>        Plaintiffs,<br><br>v.<br><br>BROOKS RANGE CONTRACT SERVICES, INC.,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No: 1:07-cv-00693-RCL<br>)<br>)<br>)<br>) |

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that the Plaintiffs, Robert Krakat and Donald Krakat, by and through counsel, BYRD & BYRD, LLC, and Timothy P. Leahy, pursuant to the terms and provisions of the Federal Rules of Civil Procedure, will take the deposition of the following named person or entity named below on the date and at the time and at location indicated below, before a Notary Public or an officer authorized by law to administer an oath, to be continued from time to time until completed. Said deposition will be for the purpose of discovery or for use as evidence, or both, and will be taken pursuant to all applicable rules of this Court.

> Deponent: Howard Anastasi, individually and as corporate designee for Brooks Range Contract Services, Inc.
>
> Date and Time: Thursday, November 29, 2007 at 10:00 a.m.
>
> Place: BYRD & BYRD, LLC at 14300 Gallant Fox Lane, Suite 120, Bowie, Maryland 20715.

The Deponent shall be examined upon those subjects, matters, issues, events and transactions, described hereafter:

Any and all facts and circumstances related to the employment and termination of Plaintiffs'. positions with Brooks Range Contract Services, Inc., including, but not limited to any and all issues raised in all pleadings and discovery in the above captioned matter.

Pursuant to the Federal Rules of Civil Procedure, the Deponent is requested to produce at the deposition for inspection and copying all documents which refer to, relate to or concern the matters or topics on which examination is requested as previously set forth or as reasonably contemplated or anticipated thereby. However, deponents are not required to produce those documents that have previously been made available.

Document means "documents" as that term is defined in the Federal Rules and includes all specified documents within Deponent's or its agents, possession, custody or control. Any objections to the production of any document on the grounds of privilege, work product or other basis shall specify all reasons on each such objection and shall state with respect to each such document its author, addressee, identity or persons to whom such document has been distributed or disclosed, the date, subject matter and document description (e.g., letter, memo, etc.).

By: _____

Timothy P. Leahy
BYRD & BYRD, LLC
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
(301) 464-7448
(301) 805-5178
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Notice of Deposition was mailed, first class, postage pre-paid on this 31st day of October 2007, to:

Karen A. Doner (Bar No. 458626)
Thomas J. McKee, Jr. (Bar No. 492482)
Williams Mullen, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102

Timothy P. Leahy