IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and<br>DONALD KRAKAT,<br><br>                Plaintiffs,<br><br>v.<br><br>BROOKS RANGE CONTRACT SERVICES, INC.,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No:  1:07-cv-00693-RCL<br>)<br>)<br>)<br>) |

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Defendant Brooks Range Contract Services, Inc. ("Defendant") hereby opposes the

Motion to Compel filed by Plaintiffs Robert Krakat and Donald Krakat, and state as follows:

1.      To some extent, Plaintiffs are apparently seeking an order to compel Defendant to

produce certain documents that are not even due yet.  Plaintiffs' Motion in this regard is wholly

premature.  Plaintiffs are also seeking voluntary production of documents identified by

Defendant's corporate designee, which is not required by the Rules.  The remainder of the

documents sought by Plaintiffs relate to discovery requests responded to November 21, 2007

(Plaintiffs' First Request for Production of Documents) and January 7, 2008 (Plaintiffs' Third

Request for Production of Documents) and are without merit.  Defendant's responses to the

specific discovery requests complained of by Plaintiffs are below.

2.      <u>Document Request No. 11</u> – It is not clear what Plaintiffs are requesting

Defendant to produce.  The request seeks broad categories of documents "related to any of the

work referenced in the Complaint."  Defendant objected, among other reasons, to the extent

Defendant could not decipher what "work" Plaintiffs were referring to in Document Request No.

11.  See Exhibit 2 to Plaintiffs' Motion to Compel.  In response, Plaintiffs' counsel stated that

"the reference to work performed relates to Complaint paragraph nos. 7 through 12."  See copy

of Plaintiffs' counsel's letter dated November 30, 2007 attached as Exhibit A hereto. Based upon Plaintiffs' counsel's clarification, Defendant served Amended Responses to Plaintiffs' First Request for Production of Documents, a copy of which is attached as Exhibit B hereto. In Defendant's Amended Responses, it produced responsive documents in addition to other responsive documents previously produced. Defendant has produced documents regarding the work performed by Virginia Contracting Services (Complaint ¶¶ 7, 11), the air conditioning units (Complaint ¶ 8), the 2005 Christmas party (Complaint ¶ 9), and the tree removal bids (Complaint ¶ 12). Defendant is not aware of any further documentation regarding these subjects. Both Plaintiffs in their depositions denied having any knowledge about the allegation that BRCS overcharged the government for cleaning up cement (Complaint ¶ 10) so Defendant assumes that that allegation has been withdrawn.

To the extent Plaintiffs are requesting documents relating to Plaintiffs' replacements, Document Request Nos. 34 and 36 of Plaintiffs' Fourth Request for Production of Documents seek these documents and Defendant's discovery responses are not due until April 10th. A copy of Plaintiffs' Fourth Request for Production of Documents is attached as Exhibit C hereto.

3.    Document Request No. 20 – Plaintiffs are seeking financial documents relating to Defendant's performance of its contract with the federal government. Plaintiffs contend these documents are relevant because Plaintiffs allege that Defendant overbilled the federal government. Defendant has already produced documents relating to the specific allegations of overbilling. These documents in fact show that the government approved all of the charges. Plaintiffs are on a fishing expedition in requesting all of the financial records related to the Armed Forces Retirement Home.

4.    Document Request No. 23 – Defendant has produced its Employee Handbook and the standard counseling forms used by Defendant's Project Manager, Kevin Heffern (Mr.

Hefffern testified that he used these standard forms to counsel Plaintiffs but that the completed forms have since disappeared from Plaintiffs' personnel files). Plaintiffs are now seeking policies and procedures in place *prior to* Plaintiffs' employment with BRCS, which have nothing to do with Plaintiffs' claims. See copy of Plaintiffs' counsel's letter dated March 4, 2008 attached as Exhibit D hereto.

5.    Document Request Nos. 31-33 – Plaintiffs are seeking the personnel files of James Cavanagh and James Bernard, who have knowledge of Robert Krakat's theft from the Armed Forces Retirement Home. According to Plaintiffs, "[l]egitimate questions are raised whether Cavanagh was engaged in the same fraudulent billing of the government as Defendant's Project manager and fiancée" and that Cavanagh's financial relationship with Defendant "could provide the reason he submitted the false affidavit". Plaintiffs further state that the requested documents may contain information relevant to the witnesses' credibility or biases. Again, Plaintiffs are on a fishing expedition. Mr. Cavanagh was deposed and Plaintiffs' counsel had an opportunity then to explore any basis for bias. As with Mr. Cavanagh, Mr. Bernard is no longer employed with BRCS. Thus, neither of the personnel files would support any claim of bias.

6.    Finally, Plaintiffs contend that they are entitled to the following documents because such documents were identified in the Notice of Deposition dated October 31, 2007 of Defendant's corporate designee and Plaintiffs do not want to have to wait until Defendant serves its responses to Plaintiffs' Fourth Request for Production of Documents, due on April 10th: "[D]ocuments related to the advertisement for hiring and the individuals hired and fired leaving Defendant with enough manpower or suitable replacements." See p. 8 of Plaintiff's Motion. These documents are in fact the subject of Plaintiffs' Fourth Request for Production of Documents. The Notice of Deposition states that the deponent will be examined upon the following areas of inquiry:

3

"Any and all facts and circumstances related to the employment and termination of Plaintiffs' positions with Brook Range Contract Services, Inc., including, but not limited to any and all issues raised in all pleadings and discovery in the above captioned matter."

See Exhibit 5 to Plaintiffs' Motion. The Notice of Deposition further states: "…the Deponent is requested to produce at the deposition…all documents which refer to, relate to or concern the matters or topics on which examination is requested as previously set forth or as reasonably contemplated or anticipated thereby…" On November 1, 2007, Defendant's counsel sent a letter to Plaintiffs' counsel objecting to the Notice of Deposition. A copy of the November 1, 2007 letter is attached as Exhibit E hereto. In response, on November 2, 2007, Plaintiffs' counsel sent a letter to Defendant's counsel purporting to limit the areas of inquiry to four categories. A copy of the November 2, 2007 letter is attached as Exhibit F hereto. Based upon the description contained in the November 2nd letter, Defendant could not reasonably decipher or anticipate that Plaintiffs were requesting the documents they now seek in their Fourth Request for Production of Documents. Defendant will timely respond to the outstanding discovery requests.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiffs' Motion to Compel in its entirety, and for such other and further relief that this Court deems proper.

Respectfully submitted,

_____/s/_____

Karen A. Doner (#458626)
Thomas J. McKee, Jr. (#492482)
WILLIAMS MULLEN, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia   22102
(703) 760-5238
(703) 748-0244 (fax)
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March 2008, a true copy of the foregoing

document was sent via e-filing, to:

Timothy P. Leahy, Esq.
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
Counsel for Plaintiffs

_____/s/_____

Karen A. Doner

1583632v1

5



**BYRD&BYRD**LLC
ATTORNEYS AT LAW

**Toby N. Byrd**
tbyrd@byrdandbyrd.com

**Jacqueline D. Byrd**
jbyrd@byrdandbyrd.com

**Timothy P. Leahy**
tleahy@byrdandbyrd.com

**Jessica L. Estes**
jestes@byrdandbyrd.com

**VIA EMAIL kdoner@williamsmullen.com ONLY**

November 30, 2007

Karen A. Doner, Esq.
Thomas J. McKee, Jr., Esq.
Williams Mullen, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102
703-760-5200 (phone)

Re:       Krakat v. BRCS
Case No.    2007 CA 000725

Dear Karen:

In follow up to my email of November 21, 2007 and our discussions after Donald Krakat and Kevin Heffern's depositions, and in an effort to avoid the necessity of filing a motion to compel, Plaintiffs are requesting that Brooks Range supplement its discovery as follows:

1. BRCS will provide answers to Interrogatories Nos. 8, 9, and 11.
2. BRCS will provide Bates Stamp reference for Interrogatories Nos. 7, 13-16, and 19 which were answered with respect to documents.
3. BRCS will provide responses to document requests nos. 6 and 11 with the clarification that the reference to work performed relates to Complaint paragraph nos. 7 through 12. Although paragraph 7 doesn't reference specific work, BRCS has acknowledged that Rick Phillips and Howard Anastasia discussed with her the allegations against Kevin Heffern.
4. BRCS will provide responses to documents requests nos. 15, 16, and 20 with the clarification that the documents requested are specifically related to investigation of any work related to the Krakat's allegations and BRCS "self-reporting."
5. BRCS will provide the BRCS policy manual which includes the four (4) standardized counseling forms: Record of Oral Discipline; Record of Written Discipline; Record of Suspension; Protocols.
6. BRCS will provide any BRCS policy that provides for the discarding of hi and low bids.
7. BRCS will provide documents related to any weekly reports, emails, or other record of counseling/discipline by BRCS of the Krakats, Katie Farver, or Kevin Heffern.
8. BRCS will provide telephone records of calls made by Donald Krakat, after his termination, to Kevin Heffern's Nextel.



EXHIBIT
**A**

9.  BRCS will provide personnel records for Bill Jenkins and Anne Flynn.

10. BRCS will provide personnel records for Howard Anastasia which may be redacted regarding strictly personal information related to health and life insurance beneficiaries, banking information and retirement information.

11. BRCS will provide Howard Anastasia's notes of the suspension and termination meetings of the Krakats.

12. BRCS will provide Howard Anastasia's notes of his meetings with Kevin Heffern questioning him regarding Virginia Contracting Services and other allegations of wrong doing by Kevin Heffern.

13. BRCS will identify the individuals alleged to have discussed allegations of theft by the Krakats with BRCS.

14. BRCS will identify the BRCS employee Mr. Baxter? Baker? Barker? who may have directed that Robert Krakat's office be moved in August 2005 and supplement its interrogatory responses with respect to his contact information and knowledge related to the Krakats and Kevin Heffern.

15. BRCS will provide copies of any documents that it alleges Katie Farver falsified.

Given the holidays and that we are scheduled to take Mr. Anastasia and continue Mr. Heffern's deposition on December 27th, I would appreciate BRCS supplementing its discovery by December 17th so that I have adequate time to prepare for those depositions.

Sincerely,

BYRD & BYRD, LLC

Timothy P. Leahy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT KRAKAT and )
DONALD KRAKAT, )
 )
           Plaintiffs, )
 )
v. ) Case No:  1:07-cv-00693-RCL
 )
BROOKS RANGE CONTRACT SERVICES, INC., )
 )
           Defendant. )

## DEFENDANT'S AMENDED RESPONSES TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Brooks Range Contract Services, Inc. ("BRCS" or "Defendant"), by counsel,

hereby responds to Plaintiffs' Robert Krakat and Donald Krakat (collectively "Plaintiffs")

Request for Production of Documents, and states as follows:

## DOCUMENT REQUESTS

4.     Any and all documents relating to any counseling or disciplinary actions taken

against:

     a.     Plaintiffs

     b.     Katie Farver

     c.     Thomas Starr

     d.     Bryon Claire

     e.     Kevin Heffern

     f.     Howard Anastasia



EXHIBIT
B

OBJECTION: Defendant objects to Request No. 4 to the extent it is overly broad and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 4 to the extent it seeks confidential information.

RESPONSE: Subject to and without waiving its Objection, see attached responsive documents bates-numbered BRCS-00680 – BRCS-00730, which are being produced subject to the Protective Order. No such documents exist as to Howard Anastasi.

    5.    Any and all documents relating to the job performance of:

    a.    Plaintiffs

    b.    Katie Farver

    c.    Thomas Starr

    d.    Bryon Claire

    e.    Kevin Heffern

    f.    Howard Anastasia

OBJECTION: Defendant objects to Request No. 5 to the extent it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 3 to the extent it seeks confidential information.

RESPONSE: Subject to and without waiving its Objection, see attached responsive documents, which are being produced subject to the Protective Order. Defendant stands on its Objection as to Howard Anastasi.

    6.    Any and all documents relating to the work performed by you and referenced in the Complaint.

OBJECTION: Defendant objects to Request No. 6 to the extent it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant

further objects to Request No. 6 to the extent it seeks confidential information. Defendant further objects to the extent that Request No. 6 is vague and ambiguous; Defendant cannot decipher what "work performed" Plaintiff is referring to.

RESPONSE: Subject to and without waiving its Objection, see attached documents bates-numbered BRCS-00554 – BRCS-00574, and BRCS-00731 – BRCS-00733 relating to work performed by Virginia Contracting Services.

      7.      Provide copies of all letters of warning, suspension, or termination issued by you to:

      a.      Plaintiffs

      b.      Katie Farver

      c.      Thomas Starr

      d.      Bryon Claire

      e.      Kevin Heffern

      f.      Howard Anastasia

OBJECTION: Defendant objects to Request No. 7 to the extent it is overly broad and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 7 to the extent it seeks confidential information.

RESPONSE: Subject to and without waiving its Objection, Defendant is unable to locate any such documents relating to Plaintiffs although "warnings" to Plaintiffs did exist but are believed to have been removed from Plaintiffs' personnel files by Plaintiffs and/or Ms. Farver. The warnings given may have been in one of the forms attached as BRCS-00734 - BRCS-00739, even though staff was instructed to no longer use those forms. No such documents exist with respect to the remaining persons identified in Request No. 7.

11.    Please provide all daily reports, diaries, field memos, manpower reports, time-sheets, requests for information, photographs, and all other administrative project records prepared, received or maintained by the Defendant, its agents, consultants or employees related to any of the work referenced in the Compliant.

OBJECTION: Defendant objects to Request No. 11 to the extent it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 11 to the extent it seeks confidential information. Defendant further objects to the extent that Request No. 11 is vague and ambiguous; Defendant cannot decipher what "work" Plaintiff is referring to.

RESPONSE:  Subject to and without waiving its Objection, see attached documents weekly reports and memorandums bates-numbered BRCS-00680 – BRCS-00720.

13.    All documents related to your relationship with Virginia Contracting Services, including any contracts or communications between you.

RESPONSE:  See attached documents bates-numbered BRCS-00554 – BRCS-00571. Note that all of the work performed by VCS had been approved by Jerry Wessel (see attached documents bates-numbered BRCS-00572 – BRCS-00574).

15.    Any and all documents related to the evaluation, review, approval, or certification of your contract performance, including billings, by the Home.

OBJECTION: Defendant objects to Request No. 15 to the extent it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 15 to the extent it seeks confidential information.

RESPONSE:  Subject to and without waiving its Objection, Defendant is not aware of any responsive documents related to Plaintiffs' allegations against Mr. Heffern.

4

16.    Please provide all invoices and requisitions submitted by you to the Home, documents related to adjustments made to those invoices or requisitions, as well as documents evidencing payment for those invoices and requisitions.

OBJECTION: Defendant objects to Request No. 16 to the extent it is overly broad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 16 to the extent it seeks confidential information.

RESPONSE:  See Objection.

20.    Copies of all financial statements relating to Defendants revenue, income, expenses, and assets used, produced, or related to its contract with the Home.

OBJECTION: Defendant objects to Request No. 20 to the extent it is overbroad, unduly burdensome, and is not calculated to lead to the discovery of admissible evidence.

RESPONSE:  See Objection.

Respectfully submitted,

Karen A. Doner (#458626)
Thomas J. McKee, Jr. (#492482)
WILLIAMS MULLEN, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia   22102
(703) 760-5238
(703) 748-0244 (fax)
Counsel for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of January, 2008, a copy of the foregoing document was served via first-class mail postage prepaid, to:

> Timothy P. Leahy, Esq.
> 14300 Gallant Fox Lane, Suite 120
> Bowie, Maryland 20715
> *Counsel for Plaintiffs*

_____
Karen A. Doner

1525063v2

## IN THE UNITED STATES
## DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT KRAKAT, ET. AL.** | * | |
| | * | **CASE NO:   1:07-cv-00693-RCL** |
| **Plaintiffs** | * | |
| | * | |
| **v.** | * | |
| | * | |
| **BROOKS RANGE CONTRACT** | * | |
| **SERVICES, INC.** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW** Timothy P. Leahy, attorney for Plaintiffs Robert and Donald Krakat (collectively the "Krakats"), and pursuant to the Federal Rules of Civil Procedure (propounds the following Fourth Request for Production of Documents on Defendant Brooks Range Contract Services, Inc. ("Defendant") as follows:

## INSTRUCTIONS

(a)     Production shall take place at the offices of Byrd & Byrd, LLC, 14300 Gallant

Fox Lane Suite 120, Bowie, Maryland 20715, on such date or dates as are mutually agreed

upon between counsel but no later than the time period specified in the preceding paragraph.

(b)     Production shall be made of original records as they are kept in the usual course

of business, or shall be organized and labeled to correspond with the categories of this request.

(c)     If any documents are not available for production because they have been

misplaced, discarded, or destroyed, identify which categories cannot be produced for these

reasons, identify what documents or kinds of documents cannot be produced, and state fully in

writing the reasons that said documents are unavailable.

(d)     If any documents are available but are not produced because of an objection,

including an objection based upon privilege, identify such documents with particularity as to



EXHIBIT

_C_

date, subject matter and the nature of the objection or privilege claimed, and state in writing the objection and reasons therefor.

(e)    If documents called for herein are not available to you because they are in the custody or control of a third person, identify such documents or categories of documents and identify the third person in whose possession or control said documents are to be found.

(f)    Produce original documents whenever such documents are available to you.

(g)    Produce all documents available by virtue of being in the possession of your attorneys.

## DEFINITIONS

For the purposes of these discovery request, the following definitions shall apply:

1.    "You", "yours", or "Defendant", means Brooks Range Contracting Services, its agents, representatives, employees, and/or attorneys.

2.    "Plaintiff" means Robert Krakat and/or Donald Krakat.

3.    "Identify or describe" means provide the full name, address, occupation, relationship to you when used in reference to an individual; or the full business name and address when used in reference to a corporation.

4.    "Document" as used herein shall mean any writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form including but not limited to typed, printed, graphic, or other matter whether original, reproduced, or stored on paper, tapes, discs, belts, charts, film, computer storage devices, or any other medium including but not limited to matter in the form of books, book entries, journal entries, manuals, minutes, reports, accounting sheets,

studies, notebooks, applications, agreements, financial statements, balance sheets, appointment calendars, working papers, work papers, audit paper, graphs, spread sheets, photographs, contracts, memoranda, advice, notes, records, log books, correspondence, messages, telegrams, brochures, computer printout, bills, invoices, statements, record notices, depositions, legal opinions, diaries, work pads, tape recordings, estimate sheets, and any published materials, and also includes but is not limited to originals or copies and all versions of the documents.  If any objection or privilege is raised as to the production of any documents as defined herein, those portions of the documents as to which no privilege or objection is raised shall be produced.

5.    "Occurrence" means the facts and incidents referenced in the Complaint, or any Amended Complaint or other pleadings filed in this matter.

6.    "Home " or "AFRH" means the Armed Forces' Retirement Home referenced in the Complaint.

## DOCUMENTS REQUESTED

34.    Any and all documents relating to any advertising by Defendant, from 2005 through March 2006, to hire individuals to work at the AFRH, including but not limited to any advertising specific to hiring replacement employees for Kevin Heffern or the Plaintiffs.

35.    Any and all documents relating to any individuals hired or fired by Defendant, from 2005 through March 2006 and who worked at the AFRH.

36.    Any and all documents, from 2005 through March 2006, relating to Defendant's evaluation of the employee manpower or headcount required at the AFRH to fulfill

Defendant's contract there, including but not limited to any documents referring to any plan or discussion to alter the employee manpower or headcount at the AFRH.

37.    Any and all documents related to invalidating the Defendant's policy & procedures which were effective prior to 2004.

38.    Any and all documents related to Standard Operating Procedures violated by the Krakats including but not limited to the flow charts detailed by Mr. Anastasia in his deposition.

Respectfully Submitted:

BYRD & BYRD, LLC

Timothy P. Leahy, D.C. Bar No. 472964
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
(301) 464-7448
(301) 805-5178 – Fax
Tleahy@byrdandbyrd.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on this March 12, 2008, a copy of the foregoing Document Request was emailed and mailed first class, postage pre-paid to:

Karen A. Doner
Thomas J. McKee, Jr.
Williams Mullen, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102
kdoner@williamsmullen.com
703-760-5200 (phone)
703-748-0244 (fax)

Timothy P. Leahy, D.C. Bar No. 472964

4



**Toby N. Byrd**
tbyrd@byrdandbyrd.com

**Jacqueline D. Byrd**
jbyrd@byrdandbyrd.com

**Timothy P. Leahy**
tleahy@byrdandbyrd.com

**Jessica L. Estes**
jestes@byrdandbyrd.com

**VIA EMAIL kdoner@williamsmullen.com ONLY**

March 4, 2008

Karen A. Doner, Esq.
Thomas J. McKee, Jr., Esq.
Williams Mullen, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102
703-760-5200 (phone)

|  | |
|---|---|
| Re: | Krakat v. BRCS |
| Case No. | 2007 CA 000725 |

Dear Karen:

     In follow up to Mr. Anastasi's deposition, please have BRCS provide the following documents:

a.    Policy & procedures effective prior to 2004 (paper and/or computer disk);

b.    Documents, including Mr. Anastasi's emails, formally invalidating the policy & procedures effective prior to 2004;

c.    Documents related to advertisement to hire a new PM for Kevin Heffern's position;

d.    Documents related to advertisement to hire new employees for the Krakat's positions;

e.    Documents indicating the hiring and firing of all individuals at AFRH location from 2005 through March 2006;

f.    Receipt for transfer of documents from Katie Farver to BRCS re: Mr. Heffern;

g.    Documents related to Standard operating Procedures violated by the Krakats including the flow charts detailed by Mr. Anastasia;

h.    Original disciplinary logs for the Krakats showing dates of discipline.

Sincerely,

*Timothy Leahy*

Timothy P. Leahy

**EXHIBIT**

D



## WILLIAMS MULLEN

Direct Dial: 703.760.5238
kdoner@williamsmullen.com

November 1, 2007

*Via Facsimile*

Timothy P. Leahy, Esq.
14300 Gallant Fox Lane, Suite 120
Bowie, MD 20715

      **Re:**    **Robert Krakat, *et al.* v. Brooks Range Contract Services, Inc.**
                **Case No: 2007 CA 000725**

Dear Tim:

      In follow-up to my October 30th letter and your response letter, my position remains the same with respect to the Rule 26 disclosures.

      With respect to the Notices of Deposition to Howard Anastasi and Kevin Heffern, I do not believe their format complies with Rule 30(b)(6) and/or Rule 45, as applicable. Although Mr. Anastasi will most likely in fact be the corporate designee for Defendant, Defendant reserves the right to designate whomever it chooses based upon a description of designated areas of inquiry, which is lacking from the Notice of Deposition to Mr. Anastasi. It is simply insufficient to describe an area of inquiry as "Any and all facts and circumstances related to the employment and termination of Plaintiffs' positions with Brooks Range Contract Services, Inc., including but not limited to any and all issues raised in all pleadings and discovery in the above captioned matter." I cannot decipher what "issues" the Plaintiffs contend have been raised. Rule 30(b)(6) requires that you designate specific areas of inquiry as opposed to merely providing a general, vague description such as the one contained in the Notice.

      The request for production of documents contained in the Notices of Deposition are likewise insufficient and do not comply with Rule 45. Defendant cannot decipher what documents "refer to, relate to or concern the matters or topics on which examination is requested as previously set forth or as reasonably contemplated or anticipated thereby." Of course, Defendant and Messrs. Anastasi and Heffern will fully comply with a properly issued Rule 45 Subpoena.

      Note that I will object to you holding any deposition "open" pending receipt of documents not properly requested or subpoenaed.

*A Professional Corporation*

NORTH CAROLINA • VIRGINIA • WASHINGTON, D.C. • LONDON
8270 Greensboro Drive, Suite 700 McLean, VA 22102 Tel: 703.760.5200 Fax: 703.748.0244
www.williamsmullen.com





EXHIBIT

E



WILLIAMS MULLEN

November 1, 2007
Page 2


    This letter is not intended to be discourteous or uncooperative.  However, I will insist on compliance with the Federal Rules of Civil Procedure and the Local Rules.


    Sincerely,

Karen A. Doner

1495756v5



**BYRD&BYRD** LLC
ATTORNEYS AT LAW

**Toby N. Byrd**
tbyrd@byrdandbyrd.com

**Jacqueline D. Byrd**
jbyrd@byrdandbyrd.com

**Timothy P. Leahy***
tleahy@byrdandbyrd.com

**Jessica L. Estes**
jestes@byrdandbyrd.com

* Also Admitted in D.C.

**VIA EMAIL kdoner@williamsmullen.com AND FIRST CLASS MAIL**

November 2, 2007

Karen A. Doner (Bar No. 458626)
Thomas J. McKee, Jr. (Bar No. 492482)
Williams Mullen, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102
703-760-5200 (phone)

                    Re:        Krakat v. BRCS
                    Case No.   2007 CA 000725

Dear Karen:

       In follow up to our telephone conversation today and your letter of November 1, 2007, I understand that BRCS will be producing, without the necessity of a subpoena, Mr. Heffern and Mr. Anastasi, individually and as corporate designee, on November 27th and 28th for their depositions. Mr. Anastasi will need to be deposed, at minimum, individually. I propose that we take his deposition also as designee, and to the extent he cannot answer the questions posed, a second deposition can be held with the appropriate designee. In clarification of the Notice of Deposition, the designee will be asked questions regarding:

1.    BRCS corporate nature, status, and organization;
2.    BRCS operations, including particularly its operations, contracts, and billings with the Armed Forces Retirement Home;
4.    the allegations of fraudulent billings identified in the Complaint;
3.    BRCS employment practices, including particularly its hiring, firing, and employee evaluation practices for BRCS's contract with the Armed Forces Retirement Home;
4.    the facts and circumstances regarding the hiring, firing, or termination of employment of individuals referenced in the Complaint.

       Also in follow up to our telephone conversation today, enclosed find Plaintiffs' discovery requests. I understand that BRCS will be producing documents prior to the depositions. If this is not possible, or cannot be done somewhat in advance of those depositions, we can reschedule.

1

EXHIBIT
F

14300 Gallant Fox Lane, Suite 120, Bowie, MD 20715   tel 301.464.7448   fax 301.805.5178   www.byrdandby

Also enclosed find requested contact information in supplementation of Plaintiffs' discovery responses. Please contact me if my understandings are incorrect or to work out any remaining issues.

Sincerely,

BYRD & BYRD, LLC

Timothy P. Leahy

Enclosure:     Requests for Answers
               Requests for Documents
               Supplemental Contact Information