IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and<br>DONALD KRAKAT,<br><br>           Plaintiffs,<br><br>v.<br><br>BROOKS RANGE CONTRACT SERVICES, INC.,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 1:07-cv-00693-RCL<br>)<br>)<br>)<br>) |

## DEFENDANT BROOKS RANGE CONTRACT SERVICES, INC.'S AMENDED ANSWER TO COMPLAINT

Defendant Brooks Range Contract Services, Inc. ("BRCS"), by counsel, hereby answers the Complaint filed Plaintiffs Robert Krakat and Donald Krakat (collectively, "Plaintiffs"), as follows:

1. BRCS admits the allegations contained in Paragraph 1 of the Complaint.

2. BRCS admits the allegations contained in Paragraph 2 of the Complaint.

3. BRCS is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. BRCS admits the allegations contained in Paragraph 4 of the Complaint.

5. BRCS admits the allegations contained in Paragraph 5 of the Complaint.

6. BRCS admits the allegations contained in Paragraph 6 of the Complaint.

7. BRCS is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of the Complaint.

8. BRCS denies the allegations contained in Paragraph 8 of the Complaint.

9. BRCS denies the allegations contained in Paragraph 9 of the Complaint.

10. BRCS denies the allegations contained in Paragraph 10 of the Complaint.



11. BRCS denies the allegations contained in Paragraph 11 of the Complaint.

12. BRCS denies the allegations contained in Paragraph 12 of the Complaint.

13. BRCS denies the allegations contained in Paragraph 13 of the Complaint.

14. BRCS denies the allegations contained in Paragraph 14 of the Complaint.

15. BRCS denies the allegations contained in Paragraph 15 of the Complaint.

16. BRCS denies the allegations contained in Paragraph 16 of the Complaint.

17. BRCS denies the allegations contained in Paragraph 17 of the Complaint.

18. BRCS admits only that Plaintiffs' employment was terminated on February 23, 2006. BRCS denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. BRCS denies the allegations contained in Paragraph 19 of the Complaint.

20. BRCS denies the allegations contained in Paragraph 20 of the Complaint.

21. BRCS denies the allegations contained in Paragraph 21 of the Complaint.

22. BRCS denies the allegations contained in Paragraph 22 of the Complaint. BRCS avers that Robert Krakat's personnel file speaks for itself and denies any allegation contrary thereto.

23. BRCS denies the allegations contained in Paragraph 23 of the Complaint. BRCS avers that Donald Krakat's personnel file speaks for itself and denies any allegation contrary thereto.

24. BRCS denies the allegations contained in Paragraph 24 of the Complaint.

25. BRCS denies the allegations contained in Paragraph 25 of the Complaint.

26. BRCS denies the allegations contained in Paragraph 26 of the Complaint.

27. BRCS denies the allegations contained in Paragraph 27 of the Complaint.

28.     BRCS denies the allegation in Paragraph 28 of the Complaint that Heffern fired Plaintiffs. BRCS admits that Howard Anastasia fired Plaintiffs and that he was acting within the scope of his employment.

29.     BRCS denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT I

30.     In response to paragraph 30 of the Complaint, BRCS hereby repeats its responses to Paragraphs 1 through 29 of the Complaint, as if fully set forth herein.

31.     BRCS denies the allegations contained in Paragraph 31 of the Complaint.

32.     BRCS denies the allegations contained in Paragraph 32 of the Complaint.

33.     BRCS denies the allegations contained in Paragraph 33 of the Complaint.

34.     BRCS denies the allegations contained in Paragraph 34 of the Complaint.

## COUNT II

35.     In response to paragraph 35 of the Complaint, BRCS hereby repeats its responses to Paragraphs 1 through 34 of the Complaint, as if fully set forth herein.

36.     BRCS denies the allegations contained in Paragraph 36 of the Complaint.

37.     BRCS denies the allegations contained in Paragraph 37 of the Complaint.

38.     BRCS denies the allegations contained in Paragraph 38 of the Complaint.

39.     BRCS denies the allegations contained in Paragraph 39 of the Complaint.

40.     BRCS denies the allegations contained in Paragraph 40 of the Complaint.

## COUNT III

41.     In response to paragraph 41 of the Complaint, BRCS hereby repeats its responses to Paragraphs 1 through 40 of the Complaint, as if fully set forth herein.

42.     BRCS denies the allegations contained in Paragraph 42 of the Complaint.

43.     BRCS denies the allegations contained in Paragraph 43 of the Complaint.

44. BRCS denies the allegations contained in Paragraph 44 of the Complaint.

45. BRCS denies the allegations contained in Paragraph 45 of the Complaint.

## COUNT IV

46. In response to paragraph 46 of the Complaint, BRCS hereby repeats its responses to Paragraphs 1 through 45 of the Complaint, as if fully set forth herein.

47. BRCS denies the allegations contained in Paragraph 47 of the Complaint.

48. BRCS denies the allegations contained in Paragraph 48 of the Complaint.

49. BRCS denies the allegations contained in Paragraph 49 of the Complaint.

50. BRCS denies the allegations contained in Paragraph 50 of the Complaint.

51. BRCS denies the allegations contained in Paragraph 51 of the Complaint.

52. BRCS denies any allegation not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' claims are barred in whole or in part because they are employees-at-will.

3. Plaintiffs' defamation claims are barred because truth is an absolute defense.

4. Plaintiffs' defamation claims are barred because Plaintiffs were not damaged by the alleged defamatory statements.

5. Plaintiffs' claims for punitive damages are barred because BRCS did not act with malice.

6. Plaintiffs' defamation claims are barred because of BRCS' qualified privilege, which applies where the communications are between persons with corresponding interests and/or duties.

7.    Plaintiffs' defamation claims are barred because BRCS' alleged statements constitute opinion.

8.    Since the termination of Plaintiffs' employment from BRCS, Defendant has learned that Plaintiffs stole certain items from the Armed Forces Retirement Home, which would have given rise to Plaintiffs' termination notwithstanding the other reason(s) for Plaintiffs' termination. Such discovery by Defendant constitutes after-acquired evidence and limits Plaintiffs' damages, if any.

BROOKS RANGE CONTRACT SERVICES, INC.

By: /s/ Karen A Doner
Karen A. Doner (Bar #458626)
Williams Mullen, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia 22102
703-760-5200
703-748-0244 (fax)
Counsel for Defendant

1440496v4