IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and<br>DONALD KRAKAT,<br><br>     Plaintiffs,<br><br>v.<br><br>BROOKS RANGE CONTRACT SERVICES, INC.,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No: 1:07-cv-00693-RCL<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S MOTION TO STRIKE AND/OR EXCLUDE FROM EVIDENCE
PLAINTIFF'S INTERROGATORY ANSWER
<u>INCORPORATING *DE FACTO* EXPERT REPORT</u>**

  Defendant, Brooks Range Contract Services, Inc. ("Defendant"), by counsel, hereby respectfully requests that this Court strike and/or exclude from evidence Plaintiffs' interrogatory answer incorporating *de facto* expert report. The reasons and legal authority in support of this motion are set forth in the accompany Memorandum of Law.

              Respectfully submitted,


              _____/s/_____
              Karen A. Doner (#458626)
              Thomas J. McKee, Jr. (#492482)
              WILLIAMS MULLEN, P.C.
              8270 Greensboro Drive, Suite 700
              McLean, Virginia 22102
              (703) 760-5238
              (703) 748-0244 (fax)
              Counsel for Defendant

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July 2008, a true copy of the foregoing document was sent via e-filing, to:

>Timothy P. Leahy, Esq.
>14300 Gallant Fox Lane, Suite 120
>Bowie, Maryland 20715
>Counsel for Plaintiffs

_____/s/_____
Karen A. Doner

1630078v1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and )<br>DONALD KRAKAT, )<br>          )<br>     Plaintiffs, )<br>          )<br>v.       ) Case No: 1:07-cv-00693-RCL<br>          )<br>BROOKS RANGE CONTRACT SERVICES, INC., )<br>          )<br>     Defendant. )<br>_____ ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE AND/OR EXCLUDE FROM EVIDENCE PLAINTIFF'S
INTERROGATORY ANSWER INCORPORATING *DE FACTO* EXPERT REPORT**

Defendant, Brooks Range Contract Services, Inc. ("Defendant"), by counsel, submits the following Memorandum of Law in Support of its Motion to Strike and/or to Exclude from Evidence Plaintiff's Interrogatory Answer Incorporating *De Facto* Expert Report.

**I.     INTRODUCTION**

The Defendant has been forced to file the instant Motion because the Plaintiffs in this case have attempted to circumvent the rules governing discovery in federal civil litigation as well as the Orders of this Court governing discovery in this case. Specifically, the Plaintiffs, nearly two (2) months after the close of discovery and even after the Defendant filed its Motion for Summary Judgment, submitted a *de facto* expert report regarding lost-income damages that they characterized as a supplemental answer to interrogatories propounded by the Defendant. For a number of reasons, the Plaintiffs' purported supplemental answer should not be allowed and the substantive analysis and opinion contained therein should be excluded from use as evidence for any purpose.

First, the Plaintiff's supplemental answer is undeniably untimely under the Orders of this Court and, thus, should be stricken from the record in this case. Second, the Plaintiffs have failed to timely and properly identify—as an expert or otherwise—the individual providing the substantive information included in the supplemental answer or disclose the information itself and, therefore, the Plaintiffs should be foreclosed from using the information to support their case. Finally, and perhaps most importantly, allowing the Plaintiffs to supplement their answer to discovery directed to a fundamental issue on which the Plaintiff bears the burden of proof at trial, namely, damages, long after the close of discovery and after dispositive motions have been filed will substantially prejudice the Defendant in so much as the it will be deprived of the opportunity to conduct discovery regarding what is, at bottom, a *de facto* expert report.

## II.  STATEMENT OF FACTS

On September 26, 2007, this Court entered a Scheduling Order establishing the deadlines governing, *inter alia*, discovery and the submission of dispositive motions in this case. The Scheduling Order set the deadline for Plaintiffs to designate any experts on November 2, 2007, and ordered that the parties "complete discovery, including answers to interrogatories, document production, requests for admissions, and depositions" on March 2, 2008. See Scheduling Order at ¶ 2 and 5. The Scheduling Order also set the deadline for parties to make or file dispositive motions on April 17, 2008. On January 25, 2008, the Court extended the deadline for completing discovery to May 2, 2008, and made dispositive motions due on June 17, 2008.

On April 15, 2008, Counsel for the Defendant wrote to the Plaintiffs' Counsel asking that the Plaintiffs supplement their answers to certain interrogatories and requests for production, specifically including interrogatories directed toward the Plaintiffs' claimed damages. On April 30, 2008, Plaintiffs' Counsel indicated that the Plaintiffs would be supplementing their

"responses calculating lost income." The deadline for completing discovery came and went without the promised supplemental responses, and, on June 17, 2008, the Defendant filed its Motion for Summary Judgment.

In an email dated June 26, 2008 – over two (2) months after Defendant's requested supplemental responses and nearly two (2) months after the Court-ordered deadline for the completion of discovery – Plaintiffs' counsel sent Defendant's counsel a letter dated June 19, 2008, from Art Widmann[1] a Certified Financial Planner and the founder of Widmann Financial Services.[2] In his letter, which Plaintiffs' Counsel stated was "supplementing Plaintiff's [sic] discovery responses calculating lost income," Mr. Widmann's letter provides a detailed analytical calculation of and Mr. Widmann's opinion with respect to the Plaintiffs' claimed lost wages. See Ex. A.

Prior to the June 26th email enclosing Mr. Widmann's opinion letter, the Plaintiffs had not identified Mr. Widmann as an expert or even as an individual with knowledge relating to the Plaintiffs' claims in this litigation. Indeed, June 26th was the first time that the Defendant's were made aware of Mr. Widmann's engagement to provide an opinion as to the lost-income damages allegedly suffered by the Plaintiffs. In light of the fact that the deadlines for designating expert witnesses and completing discovery, had long since passed when Mr. Widmann's letter was first provided, Counsel for the Defendant wrote to Plaintiffs' Counsel on June 27, 2008, to advise that she would move to strike the untimely expert designation and requesting that the Plaintiffs'

---

[1] True and accurate copies of Mr. Widmann's letter and the email correspondence in which it was enclosed are attached hereto, collectively, as Exhibit A.

[2] Notably, the website for Widmann Financial Services identifies "Litigation Support," including the provision of expert testimony, as one of the services offered by Mr. Widmann's firm. See "Widmann Financial Services – Our Services," at http://www.widmannfinancial.com/ourservices.aspx.

3

consent to the motion. The same day, Plaintiffs' counsel refused to consent to the Motion, responding as follows:

> Art Widmann is not being designated as a trial expert and his report won't be introduced at trial. The April 15th letter requested supplemental damages information which Mr. Widmann helped the Krakats calculate based on 2008 information so we that could provide some hard numbers to BRCS to supplement Interrogatory Responses 18, 19, and 20.[3]

See Exhibit B. Accordingly, the Defendant filed the instant Motion to seek redress with the Court.

### III.   ARGUMENT

Rule 26(a)(1) requires, among other things, that each party: (1) identify each individual likely to have discoverable information that the disclosing party may use to support its position; (2) provide copies of all documents that the disclosing party may use to support its case; and (3) provide a computation of each category of damages claimed by the disclosing party along with the evidentiary material on which each computation is based. See Fed.R.Civ.P. 26(a)(1). Rule 26(a)(2) specifically requires a party to disclose to the other parties the identity of any witness it may use at trial to present expert evidence and that such disclosure must be made "*at the times and in the sequence that the court orders.*" Fed.F.Civ.P. 26(a)(2) Rule 16 calls for the entry of a

---

[3] These interrogatories state as follows:

> No. 18 – Describe in detail your claim for monetary damages, including: (a) each element of money damages claimed, (b) the amount of each element of monetary damages claimed, and (c) a complete explanation of the calculation method, amount or value of each element of money damages claimed.

> No. 19 – "Describe in detail all income that you have received since your termination from BRCS, including the source of that income, any employer from whom the income was received, the tasks/job performed to earn the income, and the date the income was received."

> No. 20: Provide a complete history of your past employment, including for each place of employment, the name of employer, address, period of employment, your salary or hourly wage at the beginning and end of employment, the name of your supervisor, your job title, a description of your work, and your reason for leaving each place of employment.

4

Scheduling Order and provides that a Court may sanction a party if it or its attorney "fails to obey a scheduling or other pretrial order." Fed.R.Civ.P. 16(b) and (f)(1). Similarly, Rule 37(c) prohibits a party from using information or witnesses to supply evidence that was not provided as required by Rule 26(a) or 26(e) and authorizes other court-imposed sanctions "unless the failure was substantially justified or is harmless." See id. at 37(c)(1). Because the Plaintiffs' purported supplemental interrogatory answer – and *de facto* expert report – runs afoul of all of these federal rules, the response should be stricken from the record in this case and the information set forth therein should be excluded from use as evidence for any purpose.[4]

There are several facts that are beyond reproach and that bear directly on the impermissibility of the Plaintiffs' belated an illegitimate "supplemental answer." First, the Scheduling Order plainly states that the Plaintiffs were required to designate any expert witness on or before November 2, 2007, and the Plaintiffs' did not designate Mr. Widmann as an expert on lost-income damages yet that is precisely the type of information set forth in his letter. Second, the Plaintiffs were bound under Rule 26(a)(1) to disclose any individual with discoverable information that they might use to support their claims in this case, such as Mr. Widmann, and the Plaintiffs have failed to supplement their initial disclosures in this regard. Third, the Court-ordered deadline for the completion of discovery was May 2, 2008, nearly two (2) months before the Plaintiffs' provided their purported supplemental response in the form of Mr. Widmann's letter. As discussed in detail below, these facts readily justify the exclusion of Mr. Widmann's letter from the evidence in this case under Rules 16, 26, and 37.

When a dispute arises concerning a party's violation of a court approved discovery plan or scheduling order, particularly in the context of expert disclosures, Rule 16(f) should be first

---

[4] It should also be noted that Mr. Widmann's letter does not constitute a proper answer to an interrogatory directed to the Plaintiff under Rule 33(b)(1)(a), which requires that interrogatories be answered "by the party to whom they are directed." For this additional reason, the purported answer should be stricken from the record.

considered to inform the Court's determination of compliance and sanctions.  See Akeva LLC v. Mizuno Corp., 212 F.R.D. 306, 309 (M.D.N.C. 2002).  Under Rule 16, "the question is not whether the defendants have been prejudiced, *but whether plaintiff has shown good cause for its failure to timely disclose*."  Id. (excluding as impermissible under the discovery plan the untimely opinion of an expert witness and citing Lory v. General Elec. Co., 179 F.R.D. 86 (N.D.N.Y.1998) and Reliance Ins. Co. v. Louisiana Land and Exploration Co., 110 F.3d 253, 257 (5th Cir. 1997) (emphasis supplied)).  Here, the answer to this cardinal question under Rule 16 is clear:  the Plaintiffs cannot show good cause for their failure to timely disclose Mr. Widmann's opinion letter.  Notwithstanding the fact that this case was filed nearly sixteen (16) months ago, certainly the seventeen (17) days between the Defendant's counsel's request for supplemental responses and the close of discovery was sufficient time for the Plaintiffs to obtain a one-page analysis of their damages.

      The Plaintiffs certainly cannot dispute that they have not designated Mr. Widmann as an expert witness and, thus, Mr. Widmann's June 19th letter – which clearly takes the form of an expert report relative to the essential element of damages – cannot be submitted as expert evidence for any purpose.  Moreover, the Plaintiffs failed to timely and properly disclose Mr. Widmann or his quasi-expert report regarding the Plaintiffs' alleged damages prior to the deadline for the completion of discovery despite a direct request for such supplementation from the Defendant's counsel more than fifteen days prior to the discovery cut-off.  In sum, the Plaintiffs' purported supplemental responses are plainly impermissible under this Court's orders governing the deadlines for completing discovery and, thus, should be stricken from the record and excluded from evidence.

The problem with the Plaintiffs' purported supplemental discovery responses – and thus the grounds for excluding from evidence the information contained therein – do not end with Rule 16. Under Rule 26(e) a party that has made an initial disclosure pursuant to Rule 26(a)(1), or who has responded to discovery requests from the opposing party, "must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or *as ordered by the court.*" In the instant case, the Plaintiffs failed to supplement their initial disclosures and interrogatory responses until nearly two (2) months after the deadline set by this Court for the close of discovery, and, thus, the supplementation is neither timely nor in accordance with this Court's orders and should be summarily disallowed.

Moreover, the rule allowing for supplementation of discovery responses should not be extended to circumstances where a party simply failed to obtain the information necessary to substantiate their assertions. See Akeva LLC, 212 F.R.D. at 310 (noting that Rule 26(e) "does not cover failures of omission because the expert did an inadequate or incomplete preparation"). "To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation." Id. Thus, the Plaintiffs' purported supplemental discovery response, which is undeniably expert testimony that Plaintiffs' are attempting to introduce through their own discovery responses, fails to meet the requirements of Rule 26(e) and, pursuant to Rule 37, should not be allowed to support the Plaintiffs' position claims.

Specifically, Rule 37 provides that when a party "fails to provide information or identify a witness as required by Rue 26(a) or (e), *the party is not allowed to use that information or*

7

*witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless*." "Excluding evidence as a sanction for non-disclosure, even in the absence of bad faith, supports . . . the 'basic purpose' of Rule 37(c)(1), which is to prevent surprise and prejudice to the opposing party." Contech Stormwater Solutions, Inc. v. Baysaver Technologies, Inc., 534 F.Supp.2d 616, 622 (D. Md. 2008) (citing Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003)). Importantly, there are only two exceptions to the exclusionary pronouncement set forth in Rule 37(c), where the nondisclosure was substantially justified or harmless, and neither exception is applicable to the circumstances at bar.

First, the Plaintiffs have not offered any explanation – much less a substantial justification – for their considerable delay in providing the information, analysis and opinion set forth in Mr. Widmann's letter. Moreover, the nondisclosure is clearly not harmless in light of the fact that the Defendant is deprived of the opportunity to pursue meaningful discovery into the basis for and methodology used to reach the conclusions set forth in Mr. Widmann's opinion letter. Accordingly, the purported supplemental interrogatory answer given by the Plaintiffs' with respect to lost-income damages should be stricken from the record and excluded from use as evidence in this case pursuant to Rule 37(c)(1).

Finally, it is important that the Court recognize that the Plaintiffs' untimely supplemental answer relates directly to one of the most essential evidentiary burdens that the Plaintiffs bear in this case, namely, damages, and that it was first provided not only after the close of discovery but after the Defendant had moved for summary judgment. As stated by the United States District Court for the District of Maryland, "it is absolutely unfair to all [the Plaintiffs] to sit back and decide to retain an expert witness on a cardinal issue after the close of discovery, and after a

motion for summary judgment has been filed." The Driggs Corp. v. Penn. Mfgrs. Assoc. Ins. Co., 3 F.Supp.2d 657, 659-60 (D. Md. 1998). For this additional reason, the Plaintiffs' should not be permitted to use Mr. Widmann's *de facto* expert testimony in any way.

        Respectfully submitted,

        _____/s/_____
        Karen A. Doner (#458626)
        Thomas J. McKee, Jr. (#492482)
        WILLIAMS MULLEN, P.C.
        8270 Greensboro Drive, Suite 700
        McLean, Virginia  22102
        (703) 760-5238
        (703) 748-0244 (fax)
        Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of July 2008, a true copy of the foregoing document was sent via e-filing, to:

>Timothy P. Leahy, Esq.
>14300 Gallant Fox Lane, Suite 120
>Bowie, Maryland 20715
>Counsel for Plaintiffs

_____/s/_____
Karen A. Doner

1627793v2

## Doner, Karen

| | |
|---|---|
| **From:** | Timothy Leahy [tleahy@byrdandbyrd.com] |
| **Sent:** | Thursday, June 26, 2008 10:38 AM |
| **To:** | Doner, Karen |
| **Subject:** | RE: Plaintiff's Supplemental Discovery |
| **Attachments:** | Widmann Report 20080619.pdf |

Karen,

Attached find letter from Art Widmann supplementing Plaintiff's discovery responses calculating lost income.

Tim

EXHIBIT A

# WIDMANN FINANCIAL SERVICES

4321 Northview Drive • Bowie, Maryland 20716
(301) 262-2919 • Fax (301) 262-3481
Internet: www.widmannfinancial.com

June 19, 2008

Tim Leahy
Byrd & Byrd, LLC
14300 Gallant Fox Lane
Suite 120
Bowie, MD 20715

Dear Mr. Leahy,

Enclosed please find my analysis of the lost wages of Mr. Robert Krakat. Mr. Krakat started at the Armed Forces Retirement Home in 1973 and was terminated on February 23, 2006. After 33 years working in the Armed Forces Retirement Home, this was the highest and best use of his skill set. I estimate his lost wages at $262,000. In computing the loss I took his 2004 salary of $59,000 from the information provided and estimated salary increases of 3% per year. He actually had a 4.2% increase when he went from $24 to $25 per hour. I have assumed his income, at the full retirement age of 66, would stop in December of 2011.

I then took his actual earnings for 2007 and applied the same 3% growth factor to those wages. The difference between expected earnings from the previous job and the current expected earnings is the loss. The greatest loss ($49,753) occurred in 2006, the year of termination. I chose not to discount the future values given that one half of the loss has already occurred. ($130,915 through the end of 2008)

I also reviewed Donald Krakat's salary history and estimate his lost wages at $43,727. This is the difference between the $21 per hour he was earning at the Armed Forces Retirement Home and his actual earnings through 2007, assuming that he worked at the rate of $21 per hour for 2000 hours a year. Given his limited history working at the home and his previous salary history, I have no opinion as to future lost wages.

Sincerely,

*[signature]*

Art Widmann, CFP®
Widmann Financial Services

Enclosure

Art Widmann  art.w@widmannfinancial.com
Bob Ready  bob.r@widmannfinancial.com

Mike Marshall  mike.m@widmannfinancial.com
Laura Ruiz  laura.r@widmannfinancial.com

Securities and Advisory Services Offered Through Commonwealth Financial Network, member FINRA/SIPC, a Registered Investment Advisor

# Robert Krakat

| Years | Age | Expected Earnings AFRH | Current Expected Earnings | Lost Wages |
|---|---|---|---|---|
| 2004 | 59 | $ 59,000 (A) | $ 59,000 (A) | $ - |
| 2005 | 60 | $ 60,770 (A) | $ 60,770 (A) | $ - |
| 2006 | 61 | $ 62,593 (E) | $ 12,838 (A) | $ 49,755 |
| 2007 | 62 | $ 64,471 (E) | $ 24,464 (A) | $ 40,007 |
| 2008 | 63 | $ 66,405 (E) | $ 25,198 (E) | $ 41,207 |
| 2009 | 64 | $ 68,397 (E) | $ 25,954 (E) | $ 42,443 |
| 2010 | 65 | $ 70,449 (E) | $ 26,732 (E) | $ 43,717 |
| 2011 | 66 | $ 72,562 (E) | $ 27,534 (E) | $ 45,028 |

(A)= Actual
(E)= Estimated

Total Lost Wages    $ 262,157

# Robert Krakat





# Donald Krakat

|  |  |
|---:|:---|
| $21 | Hourly Wage Feb, 2006 |
| X 2000 | Estimated hours worked |
| $42,000 | Total expected Earnings 2006 |
| ($14,273) | Less: Actual income recorded on tax return |
| $27,727 | Estimated lost wages 2006 |

|  |  |
|---:|:---|
| $21 | Hourly Wage Feb 2006 |
| ($13) | Less: Current Hourly Wage |
| $8 | Difference |
| X 2000 | Estimated Hours worked per year |
| $16,000 | Estimated Lost Wages 2007 |

$43,727  Total Estimated Lost Wages

## Doner, Karen

**From:** Timothy Leahy [tleahy@byrdandbyrd.com]
**Sent:** Friday, June 27, 2008 4:56 PM
**To:** Doner, Karen
**Subject:** RE: Plaintiff's Supplemental Discovery

Karen,

Art Widmann is not being designated as a trial expert and his report won't be introduced at trial. The April 15th letter requested supplemental damages information which Mr. Widmann helped the Krakats calculate based on 2008 information so we that could provide some hard numbers to BRCS to supplement Interrogatory Responses 18, 19, and 20.

Tim

---

**From:** Doner, Karen [mailto:kdoner@williamsmullen.com]
**Sent:** Friday, June 27, 2008 2:45 PM
**To:** tleahy@byrdandbyrd.com
**Subject:** RE: Plaintiff's Supplemental Discovery

I am going to move to strike this purported expert designation. The deadline to designate experts was Nov. 2, 2007. Discovery has closed. Please let me know if you will consent to my motion. Thanks

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT KRAKAT and <br> DONALD KRAKAT, <br><br>                Plaintiffs, <br><br> v. <br><br> BROOKS RANGE CONTRACT SERVICES, INC., <br><br>                Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No: 1:07-cv-00693-RCL <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

UPON CONSIDERATION of Defendant Brooks Range Contract Services, Inc.'s ("Defendant" or "BRCS") Motion to Strike and/or to Exclude from Evidence Plaintiffs' Interrogatory Answer Incorporating *De Facto* Expert Report, and any opposition thereto, it is hereby

ORDERED that Defendant's Motion is hereby GRANTED and Plaintiffs are barred from using Art Widmann's testimony and/or reports, in any way.

IT IS SO ORDERED.

Entered this ___ day of _____, 2008.

                                                                                                        _____
                                                                                                        U.S. District Court Judge

2

WE ASK FOR THIS:


_____/s/_____
Karen A. Doner (#458626)
Thomas J. McKee, Jr. (#492482)
WILLIAMS MULLEN, P.C.
8270 Greensboro Drive, Suite 700
McLean, Virginia   22102
(703) 760-5238
(703) 748-0244 (fax)
Counsel for Defendant



SEEN AND _____:


_____
Timothy P. Leahy, Esq.
14300 Gallant Fox Lane, Suite 120
Bowie, Maryland 20715
Counsel for Plaintiffs