IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT KRAKAT and )
DONALD KRAKAT, )
 )
                Plaintiffs, )
 )
v. ) Case No: 1:07-cv-00693-RCL
 )
BROOKS RANGE CONTRACT SERVICES, INC., )
 )
                Defendant. )
 )

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE AND/OR ECLUDE FROM EVIDENCE PLAINTIFF'S
INTERROGATORY ANSWER INCORPORATING *DE FACTO* EXPERT REPORT**

Defendant, Brooks Range Contract Services, Inc. ("Defendant"), by counsel, submits the following Reply Brief in Support of its Motion to Strike and/or to Exclude from Evidence Plaintiff's Interrogatory Answer Incorporating *De Facto* Expert Report.

In their Memorandum of Law in Opposition to Defendant's Motion to Strike and/or Exclude From Evidence Plaintiff's Interrogatory Answer Incorporating *De Facto* Expert Report (the "Opposition"), the Plaintiffs assert that Art Widmann will not testify at trial and that his report, which was incorporated into a supplemental interrogatory answer, will not be introduced at trial. Indeed, the Plaintiffs state that they do "not object to Mr. Widmann, or his report, being excluded from trial." Opposition at p. 1. This, of course, begs the question of how the Plaintiffs intend to use the information supplied by Mr. Widmann. Moreover, the Plaintiffs' stipulation agreement to refrain from using Mr. Widmann at trial does not change the fact that they are attempting to supplement their interrogatory answers after the close of discovery; after the Defendant has filed its motion for summary judgment; and, thus, to the detriment of the Defendant.

Based on the representations made in the Opposition, it would appear that the Plaintiffs intend to offer the expert information and opinion provided by Mr. Widmann through their own testimony or as part of their supplemented discovery.  See Opposition at p. 2 (Stating that "[t]he recent supplementation by way of Mr. Widmann's report indicated Plaintiff's current calculation of their damages to which Plaintitiff's will testify, consistent with their interrogatory responses, at trial).  Presumably, then, the information provided by Mr. Widmann constitutes the "expert testimony based on lost future income," that the Plaintiffs forecast they would need in their initial responses to Defendant's interrogatories, and the Plaintiffs intend to introduce this evidence through their own testimony at trial.  See Opposition at p. 2.  Of course, such use of the information provided by Mr. Widmann would be an improper circumvention of the rules governing expert evidence and, moreover, is replete with serious hearsay problems.  Moreover, as the purported supplementation was provided after the close of discovery, the Defendant is deprived of the opportunity to conduct its own discovery into the specifics of the damages that the Plaintiffs claim.  For all these reasons, and in the interests of preempting a future dispute over the use of the information provided by Mr. Widmann at trial, the Court should strike Mr. Widmann's report from the record and affirmatively preclude its use by the Plaintiffs in any way and for any reason.

                                        Respectfully submitted,

                                        _____/s/_____
                                        Karen A. Doner (#458626)
                                        Thomas J. McKee, Jr. (#492482)
                                        WILLIAMS MULLEN, P.C.
                                        8270 Greensboro Drive, Suite 700
                                        McLean, Virginia   22102
                                        (703) 760-5238
                                        (703) 748-0244 (fax)
                                        Counsel for Defendant

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 22nd day of July 2008, a true copy of the foregoing document was sent via e-filing, to:

>Timothy P. Leahy, Esq.
>14300 Gallant Fox Lane, Suite 120
>Bowie, Maryland 20715
>Counsel for Plaintiffs

                _____/s/_____
                  Karen A. Doner

1627663v1